829 P.2d 550

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Roger Kim FAIRCHILD, Defendant–Appellant.**

No. 18520.

Court of Appeals of Idaho.

March 2, 1992.

Petition for Review Denied May 15, 1992.

Victor J. Rolzitto, Red Bluff, Cal., for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen. (argued), for plaintiff-respondent.

SWANSTROM, Judge.

This is an appeal from a judgment of conviction and sentences imposed on two counts of possession of controlled substances. We affirm.

Based on information gathered in an on-going investigation of drug dealing and from use of confidential informants, a Ketchum police officer obtained a warrant to search the trailer (a mobile home) and two vehicles located at Lot No. 14 of the Red Top Meadows Trailer Court. The ensuing search revealed large quantities of controlled substances, processing equipment, packaging material, records and tally sheets, all consistent with drug trafficking and distribution operations. The occupant of the trailer and the registered owner of the vehicles was Roger Fairchild, who was arrested and charged with possession of cocaine with intent to deliver and possession of marijuana in excess of three ounces. I.C. §§ 37–2732(a)(1)(A), –2732(e).

The case was set for a jury trial to begin on October 31, 1989. The defense filed a number of pre-trial motions, including a motion to return illegally seized evidence and a motion to discover the names of the confidential informants. The motion to return evidence was argued contemporaneously with the motion to suppress evidence obtained in the search, which the defense claimed was not based on probable cause. All of Fairchild's motions were denied.

However, the court granted the state's request for a protective order to safeguard the identity of the confidential informants, one of whom had allegedly made a "controlled buy" of cocaine from Fairchild just before the search warrant was issued.

At trial, on November 1, 1989, the prosecutor interrupted defense counsel's opening statement to advise the court of a problem with the evidence alluded to by defense counsel. Specifically, the prosecutor informed the court that the bindle delivered to the defense expert for testing was not in fact the bindle that had been obtained from confidential informant No. 539 (CI No. 539) in the "controlled buy." Bindle No. 539, as this evidence was identified, had been held at the lab in Boise and had therefore never been released to the defense for testing. This disclosure led to a motion by the defense for mistrial, which was granted.

The defense then sought to have the case dismissed on double jeopardy grounds. The district judge denied Fairchild's motion and set a new trial date. The jury found Fairchild guilty on both counts. The court imposed a sentence of twenty-five years, with twelve years fixed, plus a $25,000 fine on the cocaine charge, and a sentence of five years fixed, plus a $10,000 fine on the marijuana charge. The sentences were to run concurrently. Fairchild appeals, contending the district court erred in failing to require disclosure of the identity of the confidential informants, and in denying Fairchild's motion to suppress, his motion to continue the suppression hearing, and his motion to dismiss on double jeopardy grounds. Fairchild also contends that the sentence he was given is cruel and unusually harsh.

### Motion to Dismiss on Double Jeopardy Grounds

■ The first question presented on appeal is whether the defendant may raise the bar of double jeopardy to a second trial after having succeeded in aborting the first trial on his own motion. The general rule is that a defendant's motion for mistrial removes any bar by the double jeopardy clause of the Fifth and Fourteenth Amendments to retrial. *Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). An exception to the bar exists, however, when the defendant's motion is based on prosecutorial misconduct which was intended to provoke the defendant into moving for a mistrial. *Id.; United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). The court ruling on the motion is to make a finding of fact "inferring the existence or nonexistence of intent from objective facts and circumstances." *Kennedy*, 456 U.S. at 675, 102 S.Ct. at 2089.

As described by Fairchild, the conduct which precipitated the mistrial was the prosecutor's surprise revelation that bindle No. 539, which the defense had requested for examination for fingerprints and testing, was not the bindle that had been delivered to the defense. According to Fairchild, this constituted a withholding of evidence essential to the defense and further deprived the defense of the effective assistance of counsel. Fairchild asserted that the purpose behind the prosecutor's untimely disclosure was to goad the defense into requesting a mistrial and had the dual purpose of allowing the state more time to muster its case for trial at a later date. Fairchild insisted that, through the last several weeks before trial, the prosecutor continued to mislead the defense into believing that the state had tested bindle No. 539 and had provided all of the evidence which the defense had requested.

Fairchild also contended that the state wanted a mistrial because it feared a failure in its proof due to its loss of certain exhibits prior to trial. These exhibits, numbered five through seventeen, all dealt with Fairchild's residency or with his possession and control of the trailer where the drugs were found, which the state would have to prove as part of its case. Fairchild contended that the unavailability of this evidence was another reason for the prosecution to provoke the defense into asking for a mistrial. *See Arizona v. Washington*, 434 U.S. 497, 508, 98 S.Ct. 824, 831, 54 L.Ed.2d 717 (1978).

The district court heard the motion and limited the testimony to the prosecutor's intent or lack of intent to cause a mistrial when he made his disclosure during the defendant's opening statement at trial. At the time, no evidence had been introduced toward proof of the crimes with which Fairchild was charged. The court found that the mixup in the delivery of the proper bindle was "the result of a simple mistake," which at worst amounted to carelessness on the part of the prosecutor. The court also found, however, that circumstances and conduct of both the prosecutor and the defense counsel contributed to the mistake. The court held that defense counsel should have concluded his discovery, particularly the testing of evidence, long before trial so as to eliminate problems such as those which arose in this case. The court, however, recognized that the disclosure about bindle No. 539 would necessitate a delay in the trial and extra costs for Fairchild, which the court assessed to the state. Finally, the court held that the loss of the state's proof of residency exhibits did not motivate the prosecutor to induce a defense motion for mistrial.

Effectively, the error of which Fairchild complains is the district court's finding of lack of intent on the part of the prosecutor to cause a mistrial. There is evidence supporting the district court's finding that the prosecutor had made repeated efforts to accommodate defense counsel's requests to examine evidence and to have his experts examine the evidence. In spite of short notice from defense counsel, the prosecutor personally tried to locate the evidence when the officer in charge was unavailable. As the time before trial grew short, and because the evidence was being held in Boise and in Ketchum, coordinating all the parties became more complicated and a mistake was made. Defense counsel, however, could not totally absolve himself of any blame.

Therefore, based on what we perceive to be substantial, competent evidence that the prosecutor did not goad the defense into requesting a mistrial, we refuse to disturb the district court's finding. *Keller v. Rogstad*, 112 Idaho 484, 733 P.2d 705 (1987);

*Rasmussen v. Martin*, 104 Idaho 401, 659 P.2d 155 (Ct.App.1983). We uphold the denial of the motion to dismiss on double jeopardy grounds.

### Disclosure of Identity of Confidential Informants

■ At the preliminary hearing, the magistrate denied Fairchild's motion for production of the identity of the two confidential informants. Officer Jeff Alexander provided the affidavit in support of the search warrant. His affidavit recited that CI No. 539 had told officers that a man named Roger in trailer No. 14 had cocaine in his trailer for sale. Alexander's affidavit also stated that CI No. 539 had entered the trailer under surveillance and made a "controlled buy" of cocaine. Fairchild objected, saying that the affidavit was false and misleading because, although CI No. 539 had exited the trailer with a bindle of cocaine, he had not paid anything in exchange for the bindle. Fairchild attacked the "controlled buy" language, contending that, if proven to be false, the misstatement would dictate that the search warrant be held invalid. Fairchild specifically argued that it was necessary that the identity of CI No. 539 be revealed in order to protect his constitutional rights in pursuing his motion to suppress evidence derived from the search. Fairchild made the same motion for production before the district court, and the state reasserted its right to a protective order keeping confidential the name of the informant.

In particular, Fairchild's disclosure request was construed by the district court as a means to test the truth of the officer's affidavit in support of the search warrant which led to the discovery of illegal drugs and criminal charges against Fairchild. Relying on I.C.R. 16(f)(2), the district judge concurred with the magistrate's reasoning that the identity of the informant need not be disclosed inasmuch as CI No. 539 would not be called as a witness at trial. Moreover, under I.C.R. 16(b)(8), the district judge concluded that Fairchild had not shown a substantial need for the disclosure, and he denied the motion. Fairchild

claims that it was error for the magistrate and the district judge to prohibit discovery of the identity of the informant and to issue the protective order.

An informer's identity need not always be disclosed in a criminal trial, let alone in a preliminary hearing to determine probable cause for an arrest or search. *McCray v. Illinois*, 386 U.S. 300, 312, 87 S.Ct. 1056, 1062, 18 L.Ed.2d 62 (1967), *reh. denied*, 386 U.S. 1042, 87 S.Ct. 1474, 18 L.Ed.2d 616 (1967). Such a policy of nondisclosure exists to preserve anonymity and to encourage citizens to communicate their knowledge of crime to law enforcement officials. The extent of the informer privilege (which is embodied in I.R.E. 509) and the decision to require disclosure of the identity of the confidential informant is left to the discretion of the trial court. *Roviaro v. United States*, 353 U.S. 53, 56, 77 S.Ct. 623, 625, 1 L.Ed.2d 639 (1957); *McCray v. Illinois, supra.*

When the identity of the informant has a bearing on the charge against the defendant or is material to the defense of the accused, the informer privilege must be limited. *Roviaro*, 353 U.S. at 60–61, 77 S.Ct. at 627–628. Here, however, the magistrate at the preliminary hearing determined, contrary to Fairchild's argument citing *Roviaro*, that the informant was not a participant in the commission of the crime of possession with intent to deliver. Rather, the informant's activities confirmed the presence of controlled substances in the trailer, upon which the magistrate based his assessment that there was probable cause to have Fairchild answer for the crime. *See* I.C. § 19–815. Nor is Fairchild's argument to the district court, that the informant's identity was crucial to the pursuit of his motion for suppression of evidence seized from the search, supported by *Roviaro. See also Rugendorf v. United States*, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964). In this case, where the determination of probable cause is at issue, nondisclosure of the informant's identity is not a violation of Fairchild's constitutional rights. *McCray v. Illinois, supra.* Unlike the informant in *Roviaro*, the informant here was not a witness testifying as to the guilt or innocence of the accused. We hold that the magistrate and the district judge did not abuse their discretion in denying Fairchild's requests for disclosure of the informant's identity in pre-trial proceedings.

### Validity of the Search Warrant and Scope of the Warrant

■ Fairchild had hoped to invalidate the warrant with the testimony of the informant. In the hearing of October 25, 1989, the officer testified on cross-examination that there had been no sale of cocaine to the informant. Indeed, Alexander's affidavit said nothing specific about an exchange of money and cocaine between CI No. 539 and Fairchild. However, the circumstances of the surveillance and how the informant had obtained the cocaine bindle from Fairchild were stated in the affidavit. The district court found that the "controlled buy" language was not misleading. The district court concluded as well that Fairchild had not met his burden of showing by a preponderance of the evidence that the affidavit was recklessly or intentionally misleading. *See Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Because we can discern from the record that the district court's finding was founded on substantial evidence, we leave the finding undisturbed on appeal. Accordingly, the validity of the warrant is not affected. *State v. Burke*, 110 Idaho 621, 717 P.2d 1039 (Ct.App.1986), *quoting State v. Lindner*, 100 Idaho 37, 41, 592 P.2d 852, 856 (1979).

■ Fairchild also contends that hearsay from an informant cannot be the basis of a probable cause determination resulting in a search warrant. However, hearsay may be the basis for issuance of the warrant "so long as there [is] a substantial basis for crediting the hearsay." *United States v. Ventresca*, 380 U.S. 102, 108, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), *quoting Jones v. United States*, 362 U.S. 257, 272, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960). The delivery of the cocaine to the informant, who was searched before and after going into the trailer, was uncontroverted, and the

communications between Fairchild and the informant were recorded and monitored by the officer. On this information which was supplied by the officer to the magistrate in support of the search warrant, the reliability of the informant was established. *See Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). We conclude the magistrate had a substantial basis to accept hearsay in the affidavit that drugs were present in the trailer at Lot No. 14.

Fairchild next claims that no probable cause existed to justify a search of his person or his vehicles, and that any evidence seized as a result of those searches should have been suppressed. Applying the "totality of the circumstances" test, spelled out in *Illinois v. Gates, supra,* and adopted in Idaho by *State v. Lang,* 105 Idaho 683, 672 P.2d 561 (1983), the district court, in ruling on Fairchild's suppression motion, held there was a substantial basis for determining that there was probable cause to search trailer No. 14 and the two vehicles. As to the search of Fairchild's person, the court entered specific findings that Ketchum Police Officer Ronald Taylor had patted down Fairchild's outer clothing, and not until the officer felt a lump in Fairchild's pockets, which could have been a weapon, did the officer place his hand in the pockets or under the outer layer of Fairchild's clothing. The district court refused to suppress any of the evidence obtained from Fairchild's person or from Fairchild's vehicles.

■ Probable cause to search requires a finding of probability of criminal activity, and a finding or probability of concealment of evidence on specific premises. *United States v. Apker,* 705 F.2d 293, 303 (8th Cir.1983). "[T]hat there is probable cause to obtain a search warrant goes to the connection of the items sought with the crime and the present location of the items." W.E. RINGEL, SEARCHES AND SEIZURES, ARRESTS AND CONFESSIONS § 4.1(a) at 4–4, 4–5 (2d ed. 1991). Even though criminal objects are not tied to a particular place by any direct evidence, an inference of probable cause to believe that they would be found in that place has

been deemed reasonable. *United States v. Ventresca,* 380 U.S. at 108, 85 S.Ct. 741, 745, 13 L.Ed.2d 684; *see also United States v. Spearman,* 532 F.2d 132 (9th Cir.1976). A magistrate need only determine that it would be reasonable to seek the evidence in the place indicated in the warrant, not that the evidence sought is there in fact, or is more likely than not to be found, where the search takes place. *United States v. Peacock,* 761 F.2d 1313 (9th Cir.1985), *cert. denied,* 474 U.S. 847, 106 S.Ct. 139, 88 L.Ed.2d 114 (1985).

■ The vehicles parked on the north side of trailer No. 14 had been identified as registered in the name of Roger Fairchild. According to the affidavit, one of the vehicles had been driven away by a man who came out of trailer No. 14 and returned approximately an hour later, although the time of this excursion was not described with relation to the timing of the informant's obtaining cocaine from the occupant of trailer No. 14. The affidavit also included the officer's opinion, formed from knowledge and experience as an officer working on drug cases, that persons using and trafficking in drugs often use their vehicles to transport drugs and carry on their drug business. We find in this case that the affidavit was sufficient to permit the inference that drugs would be found in a search of Fairchild's vehicles. We affirm the denial of Fairchild's motion to suppress.

■ From the evidence presented at the suppression hearing, we learn that Fairchild's person was not searched pursuant to the search warrant, but that he was subjected to a pat-down search for weapons to guarantee the safety of the officers. *See generally Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Where, as here, officers are engaged in searching for contraband pursuant to a valid warrant, the warrant, founded on probable cause, implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted. *Michigan v. Summers,* 452 U.S. 692, 701–05, 101 S.Ct. 2587, 2592–95, 69 L.Ed.2d 340 (1981). Officer Taylor testified that he was one of

three officers who had entered the trailer with their guns drawn. Officer Taylor immediately conducted a pat-down search of Fairchild's clothing for weapons while the other officers secured the premises and began their search. They uncovered evidence of large amounts of drugs, cutting agents, scales and other drug packaging materials. Upon the discovery of the bindles folded into some paper currency in Fairchild's pants' pockets, Officer Taylor handcuffed and arrested Fairchild. Again, Officer Taylor testified that he emptied Fairchild's pockets after he suspected that the bulge he felt might be a weapon.

We find no error in the findings of the district court as to the bindles extracted from Fairchild's pockets nor in the court's conclusion that the search of Fairchild's person was reasonably confined in scope to discover weapons. The bindles of cocaine obtained in the search of Fairchild's person need not be suppressed. Further, upon Fairchild's arrest, his right to be secure in his person, guaranteed by the Fourth Amendment, gives way to the authority of the officers to make a search incident to arrest to obtain further evidence of the crime with which he was charged. *Agnello v. United States*, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145 (1925). The tally sheets subsequently taken from the wallet which Officer Taylor removed from Fairchild's pants' pocket were the product of such a search.

> When a man is legally arrested for an offense, whatever is found upon his person or in his control which it is unlawful for him to have and which may be used to prove the offense may be seized and held as evidence in the prosecution.

*Carroll v. United States*, 267 U.S. 132, 158, 45 S.Ct. 280, 286, 69 L.Ed. 543 (1925), *citing Weeks v. United States*, 232 U.S. 383, 392, 34 S.Ct. 341, 344, 58 L.Ed. 652 (1914).

The validity of Fairchild's arrest has not been questioned; and, thus, the search of the wallet leading to the discovery of the tally sheets did not violate the Fourth Amendment. The exclusionary rule, imposed to remedy violations of the Fourth Amendment, cannot be relied upon to suppress the tally sheets found on Fairchild.

■ Fairchild raises one final issue regarding the evidence seized during the execution of the search warrant. Under the warrant, "evidence of the commission of a criminal offense" could be seized as well as "contraband, fruits of a crime, or a thing otherwise criminally possessed." When the officers seized items not specifically enumerated in the warrant, most notably guns found behind the couch and in various locations in the bedroom and cash found in a pair of jeans in the bottom drawer of a dresser, Fairchild claimed that these seizures exceeded the scope of the warrant. His motion for release of illegally seized evidence, treated by the district judge as a motion to suppress, however, was denied with the exception of the guns from behind the couch which the judge did exclude. On appeal, Fairchild argues, citing *State v. Biggs*, 113 Idaho 595, 746 P.2d 1054 (Ct. App.1987), that the items not appearing in the search warrant were improperly seized because the evidence was not of such an incriminating nature that was immediately apparent to law enforcement officials. Fairchild also claims, with regard to the seizure of the evidence not appearing in the warrant, that he suffered a deprivation of his due process rights and his right to bear arms.

We have previously held that when a search exceeds the scope allowed by a valid search warrant, the entire search is not rendered invalid. Rather, only the property unlawfully seized will be suppressed. *State v. Bussard*, 114 Idaho 781, 787, 760 P.2d 1197, 1200 (Ct.App.1988), *citing State v. Holman*, 109 Idaho 382, 389, 707 P.2d 493, 500 (Ct.App.1985). In this case, as in *Bussard*, evidence not specified in the warrant was seized while in "plain view" of the searching officers. The guns that were not excluded and the cash, which Fairchild contends were beyond the scope of the warrant, however, were found in close proximity to illegal drugs and fall within the "contraband and fruits of the crime" category described in the warrant. The items not described in the warrant, but which were

seized in the search, need only bear a reasonable relationship to the purpose of the search. *Mesmer v. U.S.*, 405 F.2d 316 (10th Cir.1969); *State v. Constanzo*, 76 Idaho 19, 276 P.2d 959 (1954). Our review compels us to agree with the district court's conclusion that the cash and the guns, other than the guns located near the couch, were relevant to Fairchild's probable criminal activities. We affirm the district court's order partially denying the suppression motion.

### Denial of Motion to Continue Suppression Hearing

Because Fairchild's motion to produce evidence was denied and because he was denied a continuance until the reports of the defense's testing could be completed, Fairchild contends that he was denied a full and fair suppression hearing. Following argument on the motion to continue the suppression hearing and the trial, the district judge reserved his decision until after he had heard all of the evidence on the suppression motion. By proceeding with the hearing, the district judge thereby impliedly denied Fairchild's motion to continue the hearing. Fairchild raises as an issue on appeal the denial of his continuance motion.

▆▆▆ Whether a trial court grants or denies a motion for continuance is a matter of discretion. *State v. Ward*, 98 Idaho 571, 569 P.2d 916 (1977); *State v. Hiassen*, 110 Idaho 608, 716 P.2d 1380 (Ct.App.1986). In this case, the hearing was held six days before the scheduled trial. The continuance motion, requesting a delay of the suppression hearing and of the trial, was argued at the start of the October 25 hearing, with both parties claiming the other had acted in a dilatory fashion with regard to scheduling a test of the evidence by the defense. The defense explained to the court that it had not presented its request to test the evidence until October 4, pending the outcome of pre-trial motions which it believed could have disposed of the case. Counsel also could not agree upon certain language for a stipulation concerning the details of the tests that had been agreed to in a telephone hearing conducted October 11. The state argued that the defense could have requested tests of the evidence anytime after the offenses had been charged in June, 1989, and the state objected to a continuance on these grounds. We are unpersuaded that the district court abused its discretion in allowing the suppression hearing to proceed as scheduled.

### Jury Instructions

▆▆▆ The district judge instructed the jury that the state must prove the guilt of Fairchild by proof beyond a reasonable doubt of every material allegation of the offense. Regarding the element of possession, the court gave a separate instruction (No. 18),[1] which was prepared by the court and given in preference to Fairchild's proposed instruction No. 5. The language of the proposed instruction which was rejected by the court reads as follows:

> Further, there must be substantial evidence, either direct or circumstantial, that establishes the guilt of a defendant as an individual rather than the collective guilt of two or more persons.

Fairchild argues that instruction No. 18 as given by the court was an inaccurate statement of the law. Because the jury was presented with evidence of another individual's belongings in the trailer and of fingerprints of persons other than Fairchild

---

1. Jury instruction No. 18 given by the district court provided:

   Possession of a controlled substance may be either actual or constructive. Constructive possession requires the defendant to have power and intent to exercise dominion or control over the substance. To show constructive possession the State must prove the defendant had both knowledge and control of the substance. Mere proximity to the controlled substance cannot establish constructive possession.

   You are further instructed that where the defendant is in non-exclusive possession of the premises upon which drugs were found there can be no permissive inference that he knew of the drugs and had control of them in the absence of other circumstances which tend to support such inferences.

   Two or more persons may have joint possession of a controlled substance if each has the right of control thereof, and each has knowledge of its presence and of its nature as a controlled substance.

on the packages of controlled substances seized from the trailer, it is Fairchild's contention that the court's instruction constituted reversible error. He also argues that the district judge neglected to endorse Fairchild's requested instruction to show whether it was accepted or rejected, in whole or in part, as required by I.C. § 19–2132.

■ Here, as in *State v. Coburn,* 82 Idaho 437, 354 P.2d 751 (1960), the trial court did not fully comply with I.C. § 19–2132. However, Fairchild has not argued that he was in any way prejudiced by the failure of the court to endorse its rejection on Fairchild's instruction No. 5, and we hold the error to be harmless. I.C.R. 52; *Coburn, supra.*

■ The instruction given by the district court was derived from *State v. Garza,* 112 Idaho 776, 735 P.2d 1087 (Ct. App.1987), which distinguishes actual possession and constructive possession of controlled substances, where the accused is in a position to exercise dominion and control over the contraband. It is not necessary that possession be exclusive. *Rodella v. United States,* 286 F.2d 306 (9th Cir.1960), *cert. denied,* 365 U.S. 889, 81 S.Ct. 1042, 6 L.Ed.2d 199 (1961); *Johnson v. United States,* 270 F.2d 721 (9th Cir.1959), *cert. denied,* 362 U.S. 937, 80 S.Ct. 759, 4 L.Ed.2d 751 (1960). What is crucial to the state's proof is a sufficient showing of "a nexus between the accused and the controlled substance." *State v. Garza, supra,* citing *United States v. Rackley,* 742 F.2d 1266 (11th Cir.1984); *United States v. Cardenas,* 748 F.2d 1015 (5th Cir.1984); *Smith v. State,* 698 P.2d 482 (Okla.Crim. App.1985); *State v. Fox,* 709 P.2d 316 (Utah 1985).

The state offered into evidence the title to trailer No. 14 which listed the owner as Roger Fairchild. Fairchild was the sole occupant of the trailer when the officers arrived to execute the search warrant. Fairchild's fingerprints were also lifted from many of the packages of marijuana and cocaine found in the search. There is no question that the evidence tying Fairchild to the controlled substances was sufficient for a jury to infer individual guilt.

We hold that the district court committed no error in instructing the jury on constructive and non-exclusive possession.

■ During its deliberations, the jury sought and obtained permission from the court to open and examine Exhibit No. 38, a sealed bag containing three small bindles that had been taken from Fairchild's pocket. Fairchild contends that the jury's examination of the exhibit effectively allowed the jury to independently identify the substance in the bindles, which had not been tested or conclusively identified as cocaine by scientific tests. Fairchild argues that the only testimony regarding the exhibit related to the outside of the bindles, i.e., fingerprints on the bindles, and that introduction of the contents of the bindles was reversible error.

Since 1911, a jury in Idaho has by statute been allowed to take with it into its deliberation room all exhibits properly received in evidence in a cause. I.C. § 19–2203; *State v. Buster,* 28 Idaho 110, 120, 152 P. 196, 200 (1915). Tests or experiments have also been allowed. *State v. Foell,* 37 Idaho 722, 217 P. 608 (1923); *see generally* Annotation, *Tests or Experiments in Jury Room,* 95 A.L.R.2d 351 (1964). In this case, the directive of the district judge in response to the jury's request was, "You may open and examine the exhibits, but do nothing more." The district judge acted within his discretion in granting the jury's request. Fairchild has only alleged improper testing of the bindles that would have yielded information not in evidence. Absent proof of jury misconduct in following the court's directives, we will not presume error. To show that the closer examination of Exhibit No. 38 by the jury was error in this case, Fairchild must demonstrate prejudice from the alleged error, consistent with the principles of appeal and error. *See Viehweg v. Thompson,* 103 Idaho 265, 647 P.2d 311 (Ct.App.1982). Fairchild has not demonstrated such prejudice.

### Cruel and Unusual Punishment

■ Fairchild was sentenced to a unified twenty-five year sentence, with twelve

years fixed, for possession of cocaine with intent to deliver. He was also sentenced to a fixed five-year term, to run concurrently, for possession of marijuana in excess of three ounces. In addition, the court imposed maximum fines of $25,000 and $10,000 respectively. Fairchild explains that the harsh sentence was a result of a bias against Fairchild by the sentencing judge. Stating that the punishment was disproportionate to this first offense, Fairchild principally contends that his punishment is cruel and unusual and shocking to the conscience of reasonable persons.

First, the statutes authorize imposition of the fines, in addition to incarceration. I.C. §§ 37–2732(a)(1)(A), –2732(e). For the cocaine offense, Fairchild received less than the fixed life term to which he could have been sentenced. Where, as here, "the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion." *State v. Broadhead*, 120 Idaho 141, 144–45, 814 P.2d 401, 404–05 (1991). It has also been held that a sentence within statutory limits is not cruel and unusual. *Watkins v. State*, 101 Idaho 758, 620 P.2d 792 (1980); *State v. Angel*, 103 Idaho 624, 651 P.2d 558 (Ct.App.1982).

In the appeal of his sentences, Fairchild makes arguments similar to those raised in *Harmelin v. Michigan*, —— U.S. ——, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). However, in *Harmelin* the United States Supreme Court refused to extend the proportionality requirement or the individualized sentencing scheme applicable in capital cases to Eighth Amendment cases, affirming a statutorily mandated sentence of life imprisonment without parole for possession of cocaine. *Id.* Therefore, under the circumstances before us, we fail to discern any constitutional infirmity in the sentences imposed on Fairchild.

The district judge's lengthy comments at sentencing reveal that he considered the nature of the offense and the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). He included a recapitulation of the sentencing factors of I.C.

§ 19–2521 applicable in Fairchild's case and the goals of sentencing set out in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App.1982) (reiterated by our Supreme Court in *Broadhead*). The district judge's conclusions were well reasoned, and we will not substitute our view for that of the district judge in sentencing decisions where reasonable minds might differ. We affirm the sentences.

### Conclusion

In summary, we hold that the magistrate correctly concluded that there was probable cause to search Fairchild's mobile home and his two vehicles for evidence of drugs, paraphernalia and fruits of illegal activity. The magistrate properly credited the hearsay offered in support of the application for the warrant. Further, the officers were authorized to conduct a pat-down search of Fairchild's person for weapons, and the bindles seized in that search were properly admissible. We conclude that the scope of the warrant was not exceeded and that the evidence seized thereunder, as well as under the plain view doctrine, was not subject to suppression.

With regard to the procedures that Fairchild contends constitute reversible error, we uphold the rulings denying the motion to dismiss on double jeopardy grounds, denying the motion to produce the names of the confidential informants, and denying the motion for a continuance of the suppression hearing. We find no error in the instructions or in the district judge's decision to permit the jury to open and examine one of the exhibits. We affirm the judgment of conviction and the sentences imposed by the district judge.

WALTERS, C.J., and SILAK, J., concur.