889 P.2d 96

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Lars E. WENGREN, Defendant– Appellant.**

**No. 20647.**

Court of Appeals of Idaho.

Jan. 31, 1995.

James H. Paulsen, Sandpoint, for appellant.

Larry EchoHawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., Boise, for respondent. Douglas A. Werth argued.

PERRY, Judge.

A judgment of conviction was entered against Lars Wengren subsequent to his conditional plea of guilty, pursuant to Idaho Criminal Rule 11(a)(2), to felony possession of marijuana in excess of three ounces. I.C. § 37–2732(e). On appeal from the conviction, he asserts error in the district court's denial of his: (1) motion to dismiss for an insufficient showing of probable cause at the preliminary hearing; (2) motion to suppress based on defects in the process of obtaining the search warrant and the warrant itself; and (3) motion to dismiss based on speedy trial grounds and other constitutional infirmities. We uphold the rulings of the district court and affirm the judgment of conviction.

## FACTS AND PROCEDURAL BACKGROUND

On July 23, 1992, at approximately 5:15 a.m., officers of the Sandpoint Police Department, the Idaho Tax Bureau and the Idaho Bureau of Narcotics executed a search warrant at a residence owned by Barry Wengren and Roberta Ward. At the time, Lars Wengren, Timothy Charters, Howard Nusbaum, and Barry Wengren, occupied the home, which was located at 802 Michigan Street in Sandpoint. During the search, the officers found baggies containing marijuana in the

kitchen and in each of the bedrooms, and marijuana plants in a fourth bedroom which had been converted to a "grow room." The occupants of the home were arrested following the search.

Lars Wengren originally was charged with trafficking in marijuana, failure to affix a controlled substance tax stamp and possession of marijuana with intent to deliver. As a result of the preliminary hearing in his case, Wengren was bound over to the district court on two counts—trafficking and failure to affix a tax stamp. Wengren filed pre-trial motions to dismiss and to suppress evidence seized under the search warrant that he alleged was invalid. Following an evidentiary hearing, the motions were denied by the district court. Wengren then filed another motion to dismiss raising speedy trial issues. This motion too was denied. Wengren negotiated a plea agreement whereby the state amended the charge to one count of possession of more than three ounces of marijuana in exchange for Wengren's plea of guilty to the amended information. The district court accepted Wengren's conditional plea of guilty pursuant to I.C.R. 11(a)(2) allowing Wengren to reserve for appeal certain adverse rulings. The district court also agreed to stay the execution of the sentence pending appeal. The judgment of conviction was entered on April 27, 1993, from which Wengren timely appealed.

## ISSUES ON APPEAL

### 1. MOTION TO DISMISS

■ The first issue presented by Wengren on appeal is whether the evidence adduced at the preliminary hearing was sufficient to support the magistrate's finding of probable cause. Wengren contends that, pursuant to I.C. § 19–815A, it was error for the district court to deny his motion to dismiss where there was no reasonable or probable cause to believe that Wengren had committed the crimes of trafficking and failure to affix a tax stamp.

■ A showing of probable cause, not a showing of guilt beyond a reasonable doubt, is required at a preliminary examination. *State v. Greensweig*, 102 Idaho 794, 796, 641 P.2d 340, 342 (Ct.App.1982). A finding of probable cause need only be based upon substantial evidence. I.C.R. 5.1(b); *State v. Williams*, 103 Idaho 635, 645, 651 P.2d 569, 579 (Ct.App.1982). If, under any reasonable view of the evidence, including permissible inferences, it appears likely that an offense occurred and that the accused committed it, we will not disturb a district judge's denial of a motion challenging probable cause. *State v. Williams*, 103 Idaho at 644, 651 P.2d at 578.

At the preliminary hearing, Officer Kramer testified as to evidence found in Lars Wengren's bedroom: zig zag papers, a bong pipe with burnt residue, twenty-six baggies containing green leafy residue, four similar baggies alongside twenty dollar bills, three books about growing marijuana, and numerous pieces of paper bearing only first names and telephone numbers. Officer Kramer also testified that the key to the room where eighty-six marijuana plants were being grown was found in the medicine cabinet in the main bathroom of the residence. Accordingly, the magistrate concluded there was probable cause to believe that the crimes charged had occurred and that Wengren had participated in the manufacture and possession of a controlled substance. We find no error in the magistrate's conclusion and hold that the district court correctly denied Wengren's motion to dismiss for lack of probable cause.

### 2. MOTION TO SUPPRESS

Wengren raises several issues concerning the validity of the search warrant which led to the discovery of contraband in the residence. He first asserts that the warrant was obtained and served by an officer who was not properly certified, a fact which was undisclosed to the magistrate issuing the warrant. Secondly, Wengren asserts that the warrant was improperly based on hearsay. Finally, Wengren contends that there was no probable cause to conduct a search of the home described in the warrant because the address was not set forth in the warrant.

### A. POST–Certification

■ Idaho Code § 19–5109(b) prescribes that a peace officer in the State of Idaho

must be certified by the Idaho Police Officers Standards Training Council (POST) within one year of employment. Section 19–5109(c) specifies that an officer who has not complied with the certification requirement may not exercise the powers conferred on a peace officer. Based on this statute, Wengren argues that Officer Kramer was not duly certified and therefore not authorized to procure and execute the search warrant on July 23, 1992.

In his brief, Wengren recognizes the dates relevant to establishing Officer Kramer's alleged lack of authority with regard to the application for and execution of the search warrant in this case. However, Wengren misinterprets these facts. Although Officer Kramer was employed with Bonner County in August 1990, she served as a dispatcher until December 6, 1991, at which time she joined the Narcotic Task Force. Only when she assumed the duties of a special agent with the task force did she qualify as a peace officer, pursuant to I.C. § 19–5101(d), and become subject to the POST-certification requirements. The record indicates that Officer Kramer was POST-certified in October 1992, within one year of her starting date as a peace officer. We therefore hold that Wengren's contention that the search warrant should be invalidated because of Officer Kramer's non-compliance with the statutes governing POST-certification of peace officers to be unsupported by the record.

■ We find Wengren's related claim that the magistrate was misled by Officer Kramer's failure to disclose that she was not POST-certified to be without merit. A defendant must show by a preponderance of the evidence that the affidavit was recklessly or intentionally misleading. *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); *State v. Fairchild*, 121 Idaho 960, 965, 829 P.2d 550, 555 (Ct.App.1992). In this case, Officer Kramer testified under oath as to her employment with the Narcotic Task Force which began on December 6, 1991. She did not specifically testify about her POST-certification status and was not asked *whether* she had completed her certification training. As noted, pursuant to the statute, Officer Kramer had until December 1992 to fulfill those requirements. We conclude that there was sufficient evidence for the district court to hold that the magistrate was not misled with regard to Officer Kramer's dates of employment and certification status so as to invalidate the July 1992 warrant.

Wengren also challenges the search, contending that the warrant was illegally served by Officer Kramer who was not POST-certified on the date the search was conducted. The district court held that the warrant was not personally served by Officer Kramer and that it was not necessary for Officer Kramer to have been certified on July 22, 1992, for her to act as a peace officer. It is clear from the record that Officer Kramer did not personally serve the warrant, and accordingly we find no basis to invalidate the search. Therefore, we need not address whether I.C. § 19–5109(c) prohibits service of a search warrant by an uncertified officer, within one year of the officer's starting date as a peace officer, when that officer subsequently becomes certified as required.

## B. Hearsay and House Description

■ Wengren next asserts that the evidence presented to the magistrate on the application for the search warrant primarily consisted of unreliable hearsay and was thus insufficient to support a finding of probable cause for issuance of the warrant. Wengren challenges the hearsay on hearsay derived from the calls to Officer Gow from an anonymous informant, who communicated information learned from his daughter who had been living with Lars Wengren. Wengren also contests the double hearsay which had been passed on to Officer Kramer by other officers, whose sources were the ex-wife of a friend of Barry Wengren's and a girlfriend of Lars Wengren. Wengren also contests the use of the hearsay derived from a confidential informant who supplied Officer Kramer with information that Lars Wengren was dealing marijuana on the beach near the home.

■ Hearsay may be the basis for issuance of a search warrant "so long as there [is] a substantial basis for crediting the hearsay." *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965),

*quoting Jones v. United States,* 362 U.S. 257, 272, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960). *See also State v. Oropeza,* 97 Idaho 387, 545 P.2d 475 (1976). In Idaho, multiple hearsay has been held to be permissible in establishing probable cause as long as the *Aguilar* two-prong test[1] was satisfied at each link. *State v. Alger,* 100 Idaho 675, 678, 603 P.2d 1009, 1012 (1979). However, after *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the two prongs are but factors to be considered with the whole affidavit in determining whether the magistrate had a substantial basis for finding probable cause. *State v. Crabb,* 107 Idaho 298, 303, 688 P.2d 1203, 1208 (Ct.App.1984).

The totality of the circumstances analysis from *Illinois v. Gates* was adopted as the standard by which probable cause will be determined in Idaho. *State v. Lang,* 105 Idaho 683, 685, 672 P.2d 561, 563 (1983). The function of an appellate court reviewing findings of a judge who issued a warrant "is limited to ensuring that the [judge] had a substantial basis for concluding that probable cause existed" and that "great deference is to be paid such determinations by reviewing courts." *Id.* at 684, 672 P.2d at 562. Therefore, we review the officers' testimony at the hearing on the application for a search warrant.

The information provided by the informant to Officer Gow, that marijuana was being grown in the house on Michigan Street where Lars Wengren lived, was corroborated when Officer Kramer's investigation revealed that Lars and Barry Wengren and Timothy Charters lived in the house matching the informant's description and owned the vehicles parked on the property. As in *State v. Forshaw,* 112 Idaho 162, 166, 730 P.2d 1082, 1086 (Ct.App.1986), the magistrate was entitled to infer that the informant, whose daughter had recently lived with Wengren, had personal knowledge of the growing operation at the residence. In addition, the credibility of the anonymous informant was enhanced by his second call to the officer where he, and his daughter who was in the background, responded to specific questions from the officer.

As to the information obtained from the confidential informant, Officer Kramer disclosed to the magistrate that the informant had previously provided information which had proven to be reliable, lending credibility to the informant's information that Lars Wengren was dealing marijuana at the beach and from his home. Officer Kramer related that she had surveilled the home and had observed activity which not only confirmed the informant's observations, but also was consistent with drug selling activity. Officer Kramer also stated that she had obtained two discarded ashtrays and a marijuana cigarette from the trash outside the home, thereby corroborating the remaining hearsay information that the occupants of the home on Michigan Street were in possession of marijuana.

We conclude, given the totality of the circumstances set forth in the oral affidavits, that the magistrate had a substantial basis to find probable cause for the issuance of the search warrant. We also conclude that it was reasonable for the magistrate to believe that the evidence sought was more likely than not to be found in the place indicated in the warrant. *State v. Fairchild,* 121 Idaho 960, 966, 829 P.2d 550, 556 (Ct. App.1992). Finally, we hold that the warrant, which at the time of its execution may or may not have contained the house number on Michigan Street, nevertheless contained a description of the house, including a tile bearing the name of Wengren near the front door, sufficient to identify it and to insure against the wrong property being searched. We affirm the district court's denial of Wengren's motion to suppress the evidence obtained in connection with the search warrant.

### 3. MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS AND OTHER CONSTITUTIONAL INFIRMITIES

#### A. Speedy Trial

On February 23, 1993, Wengren's counsel filed a motion to dismiss on the grounds that

---

1. *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) holds that hearsay information is a permissible foundation for probable cause if: (1) the basis for the declarant's knowledge is demonstrated, and (2) the declarant's reliability or credibility is established.

Wengren's right to a speedy trial under I.C. § 19–3501 and the Idaho and United States Constitutions had been violated. The district court denied the motion. The district court found that Wengren had waived his right to speedy trial by affirmative conduct in seeking an extension of time for filing his pre-trial motions. The district court also found that, pursuant to I.C. § 19–3501(2), more than six months had passed since the date of the information, but the district court held that good cause for the delayed trial setting was shown under the test of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

Wengren argues on appeal that his request for an extension of time to file pre-trial motions cannot be construed as a waiver of his speedy trial rights. He asserts that the fifteen-day extension attributable to his request was not the sole cause of the delay that resulted in setting the trial beyond the statutory six-month period. Wengren further argues that the district court erred in denying his motion to dismiss, where the requirements of I.C. § 19–3501(2) had been satisfied.

■ Idaho Code § 19–3501(2) provides that, unless good cause to the contrary is shown, the court must dismiss the case if a defendant has not been brought to trial within six months from the date that the information against him is filed with the court. There is no dispute in this case that the March 9, 1993, trial date was outside of the prescribed six-month period. However, Wengren's principal argument is with regard to the district court's finding of good cause by application of the *Barker* four-part test to I.C. § 19–3501(2).

This Court recently dealt with, and rejected, the same argument in *State v. Naccarato*, 126 Idaho 10, 878 P.2d 184 (Ct.App.1994). We held in *Naccarato* that the good cause language of I.C. § 19–3501 is to be analyzed using the balancing test of *Barker*, which involved a claimed deprivation of speedy trial under the federal constitution. *See State v. Sindak*, 116 Idaho 185, 774 P.2d 895 (1989), *cert. denied*, 493 U.S. 1076, 110 S.Ct. 1125, 107 L.Ed.2d 1032 (1990); *State v. Russell*, 108 Idaho 58, 696 P.2d 909 (1985). There-

fore, we find no error in the district court's application of the *Barker* factors in ruling on Wengren's motion to dismiss pursuant to a violation of I.C. § 19–3501(2).

■ The district court considered insignificant the one-month delay, which the district court attributed in part to the prosecutor, the defense and the court. The district court noted that Wengren did not object to the state's late filing of its brief in opposition to his motions until the time he asserted his speedy trial right, which was after the six-month period had elapsed. Most importantly, the district court found that Wengren failed to show that he had been prejudiced in any way by the delay. Because the record does not establish any claim of prejudice, such as pre-trial incarceration or circumstances as would impair Wengren's ability to defend the case, the district court's denial of Wengren's motion to dismiss on speedy trial grounds is hereby affirmed. *See State v. Cotant*, 123 Idaho 787, 789, 852 P.2d 1384, 1386 (1993). Having held that Wengren was not denied his statutory or constitutional rights to a speedy trial, we decline to discuss Wengren's claim that the district court wrongly determined that he had waived his speedy trial rights.

### B. Void for Vagueness Challenge

■ Wengren claims on appeal that I.C. § 37–2732B(a)(1) is unconstitutionally vague. That statute specifies *inter alia*, that one who possesses more than twenty-five marijuana plants is guilty of the felony of trafficking in marijuana. Wengren argues that the statute is vague because it contains no definition of what constitutes a marijuana "plant," and does not specify whether cuttings which are not yet rooted can be considered marijuana "plants." He disputes that there was an adequate showing by the state at the preliminary hearing that Wengren was in possession of more than fifty marijuana plants, as recited in the information, contending that a root is required to qualify as a marijuana "plant."

We have reviewed the record and conclude that Wengren did not raise the constitutionality of I.C. § 37–2732B before the district

court. Furthermore, Wengren pled guilty to an amended charge of possession of more than three ounces of marijuana, at which time he did not object to the statute. He raises the constitutional issue for the first time in his appellate brief. The Supreme Court has previously stated:

'The longstanding rule of this Court is that we will not consider issues that are presented for the first time on appeal.' *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). The exception to this rule is that 'the constitutional issues may be considered for the first time on appeal if such consideration is necessary for subsequent proceedings in the case. I.C. § 1–205.' *Sanchez*, 120 Idaho at 322, 815 P.2d at 1062, *quoting, Messmer v. Ker*, 96 Idaho 75, 78, 524 P.2d 536, 539 (1974).

*State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). We conclude, therefore, that the issue is not properly before this Court, and we will not decide it.

C. Double Jeopardy Challenge

■ Contrary to Wengren's claim that the double jeopardy provisions of the state and federal constitutions were violated when he was charged with both trafficking and failure to obtain an illegal tax stamp, we find no double jeopardy bar. The protections against double jeopardy relate to separate convictions, not to Wengren's single conviction following his plea to one count of possession of more than three ounces of marijuana. *See State v. Sterley*, 112 Idaho 1097, 739 P.2d 396 (1987); *State v. Ledbetter*, 118 Idaho 8, 794 P.2d 278 (Ct.App.1990); *State v. Randles*, 115 Idaho 611, 768 P.2d 1344 (Ct.App. 1989), *rev'd in part*, 117 Idaho 344, 787 P.2d 1152 (1990). We hold this argument, raised for the first time on appeal, to be without merit.

## CONCLUSION

We affirm the district court's denial of Wengren's motion to dismiss and concur in its finding that there was sufficient evidence establishing probable cause presented at the preliminary hearing for the magistrate to hold Wengren for trial. Under the totality of the circumstances test, we conclude that there was probable cause for the magistrate to issue the search warrant. We uphold the denial of Wengren's motion to suppress the evidence obtained as a result of the issuance of the warrant and the subsequent search. We affirm the district court's denial of Wengren's motion to dismiss on speedy trial grounds based on an absence of prejudice. The remaining claims asserted by Wengren in this appeal do not afford Wengren any relief. Accordingly, we affirm the judgment of conviction.

WALTERS, C.J., and LANSING, J., concur.