IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37889

| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 487 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 23, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STACY L. KAISER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Michael E. Wetherell, District Judge. Hon. George Hicks, Magistrate.

Order denying motion to suppress, affirmed.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant. Spencer J. Hahn argued.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent. Russell J. Spencer argued.

_____

GRATTON, Chief Judge

Stacy L. Kaiser appeals from the district court's order denying her motion to suppress evidence.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

A United States postal inspector at the post office in Mountain Home contacted the Elmore County Dispatch. The inspector reported that a letter carrier encountered a manila envelope that had been partially opened in transit. The partially-opened package was addressed to Stacy Kaiser, at an address in Mountain Home, Idaho, and attached to another piece of mail. When the letter carrier pulled the packages apart, a bag containing a white, powdery substance fell out. Further inspection revealed the package contained an additional bag of the same substance.

1

Officer Michael Barclay met with the postal workers to view the package and its contents. Officer Barclay utilized a certified drug dog, which alerted to the presence of amphetamine in the package. He then tested the substance with a test kit and received a presumptively positive result, which corroborated the dog's indications. The powdery substance in both bags tested positive for amphetamine, and together amounted to an "eight-ball," a common denomination used in delivery and use of amphetamine. Officer Barclay then reviewed the criminal history of Stacy Kaiser and Jason Kaiser, the addressee and residents of the address on the package. Officer Barclay discovered that both Stacy Kaiser and Jason Kaiser had drug-related criminal histories, including drug-related charges from Modesto, California, the return address listed on the package.

Based on this information, as well as his past training and experience, Officer Barclay suspected Stacy Kaiser was actively engaged in drug-related activity and that further evidence of this activity would be located at her residence. Officer Barclay sought a warrant to search the residence and, based on his affidavit, the magistrate found probable cause existed and issued the warrant.

Officers subsequently executed a search of the residence pursuant to the warrant, where they discovered evidence giving rise to the current charges. The State initially charged Kaiser with possession of methamphetamine, possession of marijuana, injury to children, and possession of paraphernalia. Kaiser moved to suppress the evidence found during the search of her home, challenging the probable cause to issue the warrant. The district court found that the affidavit presented sufficient facts to support the magistrate's probable cause determination and upheld the warrant.

Kaiser entered a conditional guilty plea to the charges of possession of methamphetamine and injury to children, reserving the right to appeal the district court's denial of her motion to suppress, and the State dismissed the remaining charges. The district court withheld judgment and placed Kaiser on probation for seven years. Kaiser timely appeals.

## II.

## DISCUSSION

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts

2

as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

When probable cause to issue a search warrant is challenged on appeal, the reviewing court's function is to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Illinois v. Gates*, 462 U.S. 213, 239 (1983); *State v. Josephson*, 123 Idaho 790, 792, 852 P.2d 1387, 1389 (1993); *State v. Lang*, 105 Idaho 683, 684, 672 P.2d 561, 562 (1983). In this evaluation, great deference is paid to the magistrate's determination. *Gates*, 462 U.S. at 236; *State v. Wilson*, 130 Idaho 213, 215, 938 P.2d 1251, 1253 (Ct. App. 1997). The test for reviewing the magistrate's action is whether he or she abused his or her discretion in finding that probable cause existed. *State v. Holman*, 109 Idaho 382, 387, 707 P.2d 493, 498 (Ct. App. 1985). When a search is conducted pursuant to a warrant, the burden of proof is on the defendant to show that the search was invalid. *State v. Kelly*, 106 Idaho 268, 275, 678 P.2d 60, 67 (Ct. App. 1984).

The Fourth Amendment to the United States Constitution states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Article I, Section 17, of the Idaho Constitution is virtually identical to the Fourth Amendment, except that "oath or affirmation" is termed "affidavit."[1] In order for a search warrant to be valid, it must be supported by probable cause to believe that evidence or fruits of a crime may be found in a particular place. *Josephson*, 123 Idaho at 792-93, 852 P.2d at 1389-90; *State v. Harper*, 152 Idaho 93, 98, 266 P.3d 1198, 1203 (Ct. App. 2011). When determining whether probable cause exists:

---

[1] Although Kaiser contends that both constitutions were violated, she provides no cogent reason why Article I, Section 17 of the Idaho Constitution should be applied differently than the Fourth Amendment to the United States Constitution in this case. Therefore, the Court will rely on judicial interpretation of the Fourth Amendment in its analysis of Kaiser's claims. *See State v. Schaffer*, 133 Idaho 126, 130, 982 P.2d 961, 965 (Ct. App. 1999).

> The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Gates*, 462 U.S. at 238; *see also Wilson*, 130 Idaho at 215, 938 P.2d at 1253.

Probable cause to search requires a nexus between criminal activity and the item to be seized, and a nexus between the item to be seized and the place to be searched. U.S. CONST. amend. IV; *State v. Yager*, 139 Idaho 680, 686, 85 P.3d 656, 662 (2004); *Harper*, 152 Idaho at 102, 266 P.3d at 1205. Most courts require that a nexus between the items to be seized and the place to be searched must be established by specific facts, and an officer's general conclusions are not enough. *Yager*, 139 Idaho at 686, 85 P.3d at 662; *Harper*, 152 Idaho at 102, 266 P.3d at 1205. Nonetheless, even though criminal objects are not tied to a particular place by any direct evidence, an inference of probable cause to believe that they would be found in that place can be reasonable. *State v. O'Keefe*, 143 Idaho 278, 287, 141 P.3d 1147, 1156 (Ct. App. 2006); *State v. Fairchild*, 121 Idaho 960, 966, 829 P.2d 550, 556 (Ct. App. 1992). A magistrate is entitled to draw reasonable inferences about where evidence is likely to be kept based on the nature of the evidence and the type of offense. *Harper*, 152 Idaho at 100, 266 P.3d at 1205; *State v. Belden*, 148 Idaho 277, 280, 220 P.3d 1096, 1099 (Ct. App. 2009). Moreover, the magistrate may take into account the experience and expertise of the officer conducting the search in making a probable cause determination. *Harper*, 152 Idaho at 100, 266 P.3d at 1205.

Kaiser urges this Court to hold that probable cause requires the State to satisfy a "more likely than not" standard. In support of her position, Kaiser cites *State v. Wengren*, 126 Idaho 662, 889 P.2d 96 (Ct. App. 1995). In that case, we stated: "We also conclude that it was reasonable for the magistrate to believe that the evidence sought was more likely than not to be found in the place indicated in the warrant." *Id.* at 667, 889 P.2d at 101. Based on this sentence, Kaiser argues that "probable cause" means that the State must show that evidence sought is more likely than not to be found in the area to be searched.

While at first blush this language seems to support Kaiser's position, her reliance on it is misplaced. The statement was dictum, and merely an observation on the evidence in the context of that case; it was not an expression of our standard. This Court has consistently followed the Supreme Court's standard in *Gates*, which states that probable cause requires a "practical,

4

common-sense decision" based on a totality of the circumstances. *See Gates*, 462 U.S. at 2. This is made clear when one considers the sentence in *Wengren* immediately preceding the one on which Kaiser relies. There, we stated that "given the totality of the circumstances . . . the magistrate had a substantial basis to find probable cause for the issuance of the search warrant." *Wengren*, 126 Idaho at 667, 889 P.2d at 101. Moreover, we have reaffirmed that standard in recent cases where we stated: "A magistrate need only determine that it would be reasonable to seek the evidence in the place indicated in the warrant, not that the evidence sought is there in fact, or is more likely than not to be found, where the search takes place." *Harper*, 152 Idaho at 98, 266 P.3d at 1203 (citing *Fairchild*, 121 Idaho at 966, 829 P.2d at 556). In summary, this Court has never previously required the State to meet a "more likely than not" standard for probable cause; nor is such a standard required by the United States Supreme Court or Idaho case law. Therefore, we decline to adopt a "more likely than not" standard for probable cause, and reaffirm the standard as enunciated in *Gates* and our subsequent decisions.

Kaiser asserts that the district court erred when it denied her motion to suppress because the information presented to the magistrate was insufficient to support the issuance of a search warrant. The State asserts that Kaiser has failed to establish that the magistrate lacked a substantial basis to find probable cause for a search warrant.

In support of his request for a warrant, the officer in this case averred that a substance, which a state-certified drug dog identified as contraband and which tested presumptively positive for amphetamines, had been mailed to Stacy Kaiser at her residence in Mountain Home, Idaho. The total amount of the substance was consistent with an "eight ball" (3.7 grams of controlled substance), a common user amount. The officer verified that the address on the package was Stacy Kaiser's residence, and believed that the residence was also occupied by Jason Kaiser, her husband. A criminal history check on Stacy Kaiser revealed that in Modesto, California, where she had previously resided, she was arrested in 2001 for possession of controlled substance; she was also charged in 2003 with possession of a controlled substance and resisting arrest. Jason Kaiser was reported to have a lengthy criminal history that included manufacturing controlled substance, burglary, grand theft, battery, domestic battery, and forgery. The return address on the envelope sent to Kaiser was an address in Modesto, California. The officer further averred that based on his expertise and experience, users and distributors of controlled substances commonly keep the controlled substances, records of transactions, paraphernalia, etc. at their

residences. As such, he believed that the residence would contain evidence of possession of controlled substances or paraphernalia.

Essentially, the officer's affidavit provided that: (1) the police found an "eight ball" (3.7 grams) of a controlled substance, a common user amount; (2) the substance was sent to a specific person at a specific address; and (3) the people that live there, or did live there, have a history of controlled substance arrests. Kaiser's arrests are from a few years prior, and thus are somewhat stale. However, the package is also from a city where Kaiser previously lived and was arrested for possession of controlled substances. Thus, it is less likely that the package was sent by a random person, and it is more likely that Kaiser knew it was coming. In addition, the package was accompanied by a card which stated "enjoy" and contained a smiley face. Further, the controlled substance was found to be one common to a user; so one could reasonably infer that if Kaiser was a consumer of the drug, evidence of controlled substances or paraphernalia would be found at her residence. In addition to these facts, it is important to note that in our analysis we accord great deference to the magistrate's determination. *See State v. Molina*, 125 Idaho 637, 639, 873 P.2d 891, 893 (Ct. App. 1993) ("[R]eviewing courts are to accord great deference to the probable cause determinations of magistrates"); *State v. Ledbetter*, 118 Idaho 8, 11, 794 P.2d 278, 281 (Ct. App. 1990) ("[I]n questionable cases, the reviewing court should give preference to the validity of the warrant") (internal quotations omitted). Based on the facts provided in the officer's affidavit, and considering the deference to be accorded the magistrate's decision, we hold that the magistrate had a substantial basis for concluding that probable cause existed to search Kaiser's home.

### III.

### CONCLUSION

Under a totality of the circumstances analysis, the magistrate had a substantial basis from which to conclude that probable cause existed for a warrant to search Kaiser's home. Accordingly, the district court's denial of Kaiser's motion to suppress is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**

6