938 P.2d 1251

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Michael WILSON, Defendant–Appellant.**

No. 22142.

Court of Appeals of Idaho.

March 24, 1997.

Petition for Review Denied
June 19, 1997.

Rude, Jackson & Daugherty, Coeur d'Alene, for defendant–appellant. Dan J. Rude, argued.

Alan G. Lance, Attorney General; Michael A. Henderson, Deputy Attorney General (argued), Boise, for plaintiff–respondent.

LANSING, Judge.

This appeal challenges a district court's refusal to suppress evidence gathered pursuant to federal and state search warrants. Defendant Michael Wilson contends that the evidence presented to the federal and state magistrates in support of the warrant applications did not demonstrate probable cause for issuance of the warrants. We conclude that probable cause was shown, and therefore affirm the denial of Wilson's motion.

## I. FACTS

On June 23, 1994, an express mail package was mailed from Oceanside, California, to Wilson at his address in Coeur d'Alene, Idaho. On June 25, United States postal inspectors in Spokane, Washington, intercepted the package because they believed it exhibited certain characteristics indicating that it might contain contraband. The postal inspectors temporarily detained the package to have it sniffed by a narcotics dog. The dog alerted on the package. On June 28, 1994, a federal magistrate issued a search warrant based on the affidavit of J.K. Mullins, a postal inspector. The warrant authorized federal agents to open the package. In doing so, they found that the package contained approximately two pounds of marijuana. The parcel was then resealed and sent for delivery to Wilson.

On the same day, Inspector Mullins contacted Lori Putnam, a special agent with the Idaho Bureau of Narcotics. Inspector Mullins informed Agent Putnam about the package which was destined for delivery in Coeur d'Alene. Later that day, and shortly after the package was delivered to Wilson's residence, Agent Putnam appeared before a state magistrate in Kootenai County, Idaho. After a probable cause hearing, at which Agent Putnam testified under oath, the state magistrate signed a warrant authorizing the search of Wilson's residence. The ensuing search revealed the presence of two pounds of marijuana, scales, and packaging materials. Wilson was charged by the Kootenai County prosecutor with possession of a controlled substance with the intent to deliver, I.C. § 37–2732(a)(1)(B). Wilson filed a motion to suppress the evidence found in the

search of his home on the grounds that the information supplied to both the federal magistrate and the Kootenai County magistrate was insufficient to justify issuance of the respective warrants. The district court denied Wilson's motion, finding that both the federal and state warrants were properly issued. Wilson then entered a conditional plea of guilty, reserving his right to appeal from the district court's denial of his motion to suppress. This appeal followed.

## II. Analysis

■ In evaluating the sufficiency of evidence to support federal search warrants and state search warrants, the same standards apply. Under the Fourth Amendment to the United States Constitution and Art. I, § 17 of the Idaho Constitution, a search warrant may be issued only upon a finding of probable cause to believe that contraband or evidence of a crime will be found in the place to be searched. *Illinois v. Gates*, 462 U.S. 213, 237–38, 103 S.Ct. 2317, 2331–32, 76 L.Ed.2d 527 (1983); *Dunlap v. State*, 126 Idaho 901, 907, 894 P.2d 134, 140 (Ct.App.1995); *State v. Mason*, 111 Idaho 916, 918, 728 P.2d 1325, 1327 (Ct.App.1986). To determine whether probable cause exists, a magistrate must employ the "totality of the circumstances" standard set forth in *Gates*. Under this standard,

> [t]he task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Gates*, 462 U.S. at 238, 103 S.Ct. at 2332. *See also State v. Lang*, 105 Idaho 683, 684, 672 P.2d 561 (1983); *State v. Bulgin*, 120 Idaho 878, 881, 820 P.2d 1235, 1238 (Ct.App. 1991). A magistrate's evaluation of probable cause is based upon the facts set forth in an affidavit or any sworn, recorded testimony given in support of the search warrant.

I.C.R. 41; *State v. Oropeza*, 97 Idaho 387, 545 P.2d 475 (1976). The evidence offered in support of a warrant may include hearsay, provided there is "a substantial basis for crediting the hearsay." *United States v. Ventresca*, 380 U.S. 102, 108, 85 S.Ct. 741, 745, 13 L.Ed.2d 684 (1965), *quoting Jones v. United States*, 362 U.S. 257, 272, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960); *State v. Wengren*, 126 Idaho 662, 666, 889 P.2d 96, 100 (Ct.App.1995). The factors to be considered by the magistrate include the reliability of, and the basis of knowledge of, persons who have supplied the information that is related by the affiant or witness. *Gates*, *supra*; *Dunlap*, 126 Idaho at 907, 894 P.2d at 140; *State v. Prestwich*, 110 Idaho 966, 968, 719 P.2d 1226, 1228 (Ct.App.1986). If a search is conducted pursuant to a warrant, the burden of proof is on the defendant to show that the search was invalid. *State v. Kelly*, 106 Idaho 268, 275, 678 P.2d 60, 67 (Ct.App.1984).

■ When probable cause to issue a search warrant is questioned on appeal, the reviewing court's function is to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Gates*, 462 U.S. at 239, 103 S.Ct. at 2332–33; *Lang*, *supra*; *State v. Josephson*, 123 Idaho 790, 792, 852 P.2d 1387, 1389 (1993). In this evaluation, great deference is paid to the magistrate's determination. *Gates*, 462 U.S. at 236, 103 S.Ct. at 2331; *Spinelli v. United States*, 393 U.S. 410, 419, 89 S.Ct. 584, 590–91, 21 L.Ed.2d 637 (1969); *Josephson*, *supra*.

### A. Application for the Federal Search Warrant

■ Here, the issuance of the federal search warrant was based solely upon an affidavit signed by Postal Inspector Mullins. The affidavit stated that "U.S. Postal Inspection personnel" intercepted the package which "appeared suspicious." The affidavit also described characteristics of this parcel and its mailing label, and similar characteristics of previous mailings to Wilson's address, that made the packages suspicious. It said that a check with "postal sources" at the post

office where the mailing originated disclosed that the return address was fictitious. Mullins' affidavit also described the training and experience of the Spokane police department's drug-sniffing dog that was used in the investigation and said that the dog alerted to the suspect parcel.

Wilson argues that this affidavit was insufficient to support a search warrant because Mullins did not explain in the affidavit which facts, other than a description of his own training and experience, were based upon his own personal knowledge and which facts were hearsay information from other sources. Because the affidavit did not state whether Mullins personally viewed the package and its label or the prior suspicious packages, did not disclose the identity of postal sources contacted for information, and did not identify the source of information regarding the drug dog's training and experience, Wilson asserts that the affidavit could not be properly relied upon by the magistrate.

 Wilson seeks imposition of unduly stringent and technical requirements for search warrant affidavits. Affidavits for search warrants "should not be reviewed and tested in a hypertechnical manner." *State v. Gomez,* 101 Idaho 802, 805, 623 P.2d 110, 113 (1981). Rather, such affidavits must be tested and interpreted by both the magistrate and a reviewing appellate court, "in a commonsense and realistic fashion." *Ventresca,* 380 U.S. at 108, 85 S.Ct. at 746; *State v. Guinn,* 114 Idaho 30, 35, 752 P.2d 632, 637 (Ct.App.1988). The magistrate is entitled to draw reasonable inferences from the evidence presented. *Gates,* 462 U.S. at 240, 103 S.Ct. at 2333. The affidavit of a law enforcement agent which does not specifically identify each source may, nonetheless, be sufficient to support probable cause if a reader would reasonably infer that the information came from other law enforcement personnel. *United States v. May,* 819 F.2d 531, 536 (5th Cir.1987). Based upon a commonsense reading of inspector Mullins' affidavit, the magistrate could reasonably infer that the informa-

tion about the subject package and earlier packages came from Mullins' personal observations or from other postal inspectors or postal employees engaged in the investigation. With respect to the information about the drug dog, it is reasonable to infer that the source was someone within the Spokane Police Department.

 It is well established that statements of law enforcement officers that are based upon the observations of fellow officers participating in the same investigation carry a presumption of reliability. *Ventresca,* 380 U.S. at 111, 85 S.Ct. at 747; *State v. Alger,* 100 Idaho 675, 679, 603 P.2d 1009, 1013 (1979); *State v. Fowler,* 106 Idaho 3, 9, 674 P.2d 432, 438 (Ct.App.1983). This presumption has been extended to hearsay information from "government officials who, while engaged in investigatory or regulatory responsibilities, discover evidence of possible criminal activity." *United States v. Flynn,* 664 F.2d 1296, 1303 (5th Cir.1982). The presumption "is based upon the belief that facts gathered in the course of an investigation are unlikely to be based upon mere speculation or tainted by personal involvement with the suspect." *United States v. Reed,* 700 F.2d 638, 642 (11th Cir.1983).

Since we have concluded that a commonsense reading of Mr. Mullins' affidavit reasonably identifies the sources of his information as other government officials carrying out investigatory or regulatory responsibilities, and since these sources are presumptively reliable, we find Wilson's challenge to the federal search warrant to be without merit.

**B. Application for the State Search Warrant**

Wilson makes a similar attack upon testimony given to support the state search warrant. He contends that Agent Putnam did not properly identify the sources of her information and, therefore, the magistrate lacked the information necessary to adequately evaluate the credibility and reliability of those sources.

By her testimony, Agent Putnam informed the magistrate that she had received a telephone call from Postal Inspector Mullins who informed her that he had intercepted a package being sent from California to a Coeur d'Alene address. She further stated that "they" had reason to believe that the package contained marijuana, that "they" had obtained a federal warrant to open the package, and that when "they" opened it "they" found that it contained approximately two pounds of marijuana. Agent Putnam further testified that there was a note inside the package that gave the weight of the marijuana and stated a price for it, and that Wilson had previously received two parcels of a similar nature from two different false addresses in California. Wilson argues that this information was insufficient to identify the source of Agent Putnam's information because she did not state who "they" were and did not state whether the information that Inspector Mullins gave her by telephone was based upon his own personal knowledge and observations. Agent Putnam also informed the magistrate that she had just been notified by Special Agent Wayne Longo that the package had been delivered to an occupant at Wilson's residence. Wilson argues that the information from Agent Longo cannot be credited because it does not reveal whether Agent Longo personally observed the delivery or obtained the information from some undisclosed, hearsay source.

In denying Wilson's suppression motion, the district court concluded that it was reasonable to infer that all of the information provided by Putnam came from sources which were presumptively reliable. The district court held:

> [I]t can be reasonably inferred that Agent Putnam's information came from one of six possible sources: (1) her own observations, (2) statements to Agent Putnam from Postal Inspector Mullins, (3) statements of other postal employees that were relayed to Agent Putnam by Postal Inspector Mullins, (4) personal observations by Agent Longo which were relayed to Agent Putnam, (5) personal observations of other officers located at the Defendant's residence at the time the package was delivered, or (6) information from postal employees that were relayed to Agent Putnam by Agent Longo.

We agree with the district court that, given a commonsense interpretation, Agent Putnam's testimony indicates that her information came from the observations of state and federal law enforcement personnel and postal employees involved in the same investigation. Nothing in the evidence presented here contradicts the presumption that these sources were reliable. It follows that the magistrate had a substantial basis for determining that probable cause existed for issuing the search warrant.

The order of the district court denying the defendant's motion to suppress evidence is affirmed.

WALTERS, C.J., and PERRY, J., concur.