# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 36169

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 472 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 18, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| GLORIA PEARCE, aka GLORIA | ) | THIS IS AN UNPUBLISHED |
| PEARFIELD-PEARCE, CRICKETT | ) | OPINION AND SHALL NOT |
| PERFIELD, GLORIA TOWNSEND, | ) | BE CITED AS AUTHORITY |
| GLORIA BASSETT, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas J. Ryan, District Judge.

Judgment of conviction for possession of a controlled substance, affirmed.

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

MELANSON, Judge

Gloria Pearce appeals from her judgment of conviction for possession of a controlled substance. Specifically, Pearce challenges the district court's order denying her motion to suppress. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Police officers began investigating drug activities occurring at Pearce's home in 2006 after an anonymous tip was made to the police that Pearce and her husband were selling 80 mg tablets of Oxycontin there. Officers searched Pearce's trash and were only able to confirm her identity. In October 2007, a neighbor called police to complain of a high frequency of visitors and suspected drug activities and provided the license plate numbers of several of the vehicles.

1

Officers discovered that a large percentage of the vehicle license plates were registered to known drug users. Officers then conducted surveillance of the home and confirmed the abnormal visits. Officers researched additional license plate numbers, further revealing a large percentage of known drug users. Traffic stops of vehicles leaving the home were conducted on multiple occasions with the individual drivers displaying symptoms of drug influence. On one occasion, a confidential informant from a different drug operation was unable to acquire drugs at another residence and, instead, came to Pearce's home. In April 2008, officers conducted another trash search at Pearce's home. During this search, officers discovered twenty-six plastic baggies. One of the baggies was cut in a circular pattern consistent with drug packaging for distribution, and three of the baggies had a white crystalline residue. Officers tested one of the baggies which revealed the presence of methamphetamine. Officers also found a 60-count prescription order for 80 mg tablets of Oxycontin in Pearce's name.

Based on the foregoing information, officers sought a search warrant for Pearce's home. Officers believed that all of the evidence demonstrated a pattern consistent with drug distribution and that further evidence of criminal activity could be obtained through a search of the home. The magistrate found that probable cause existed for issuance of the search warrant. During the execution of the search warrant, officers recovered 4.9 grams of methamphetamine, a glass pipe with methamphetamine residue, a digital scale, and a propane torch. Pearce's purse also contained 1.4 grams of marijuana and 3.8 grams of marijuana was recovered from another individual at the premises.

Pearce was charged with possession of a controlled substance for the methamphetamine. I.C. § 37-2732(c)(1). Pearce filed a motion to suppress the evidence obtained from the search of her home on the basis that insufficient evidence was presented to support probable cause for the issuance of the search warrant. Pearce also argued that much of the evidence presented to the magistrate was stale. The district court denied Pearce's motion, finding that the magistrate had not abused its discretion because the totality of the evidence collected over two years supported the magistrate's determination that probable cause existed to believe that evidence of unlawful activity could be recovered. Pearce entered a conditional guilty plea, reserving her right to appeal the denial of her motion to suppress. The district court withheld judgment, placed Pearce on probation for eighteen months, and ordered her to complete 100 hours of community service. Pearce appeals.

## II.

## ANALYSIS

Pearce argues that the district court erred by denying her motion to suppress. She claims that the search warrant was not issued upon probable cause because much of the evidence presented in support of the warrant was stale. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

When probable cause to issue a search warrant is challenged on appeal, the reviewing court's function is to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Illinois v. Gates*, 462 U.S. 213, 239 (1983); *State v. Josephson*, 123 Idaho 790, 792, 852 P.2d 1387, 1389 (1993); *State v. Lang*, 105 Idaho 683, 684, 672 P.2d 561, 562 (1983). In this evaluation, great deference is paid to the magistrate's determination. *Gates*, 462 U.S. at 236; *State v. Wilson*, 130 Idaho 213, 215, 938 P.2d 1251, 1253 (Ct. App. 1997). The test for reviewing the magistrate's action is whether he or she abused his or her discretion in finding that probable cause existed. *State v. Holman*, 109 Idaho 382, 387, 707 P.2d 493, 498 (Ct. App. 1985). When a search is conducted pursuant to a warrant, the burden of proof is on the defendant to show that the search was invalid. *State v. Kelly*, 106 Idaho 268, 275, 678 P.2d 60, 67 (Ct. App. 1984).

The Fourth Amendment to the United States Constitution states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Article I, Section 17, of the Idaho Constitution is virtually identical to the Fourth Amendment, except that "oath or affirmation" is termed "affidavit." In order for a search warrant to be valid, it must be supported by probable cause to believe that evidence or fruits of a crime may be found

in a particular place. *Josephson*, 123 Idaho at 792-93, 852 P.2d at 1389-90. When determining whether probable cause exists:

> The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Gates*, 462 U.S. at 238; *see also Wilson*, 130 Idaho at 215, 938 P.2d at 1253.

The staleness of information regarding the presence of items in a certain place depends upon the nature of the factual scenario involved. *State v. Carlson*, 134 Idaho 471, 477, 4 P.3d 1122, 1128 (Ct. App. 2000). In a determination of whether information contained within a search warrant affidavit is stale, there exists no magical number of days within which information is fresh and after which the information becomes stale. *Id.* The question must be resolved in light of the circumstances of each case. *Id.* An important factor in a staleness analysis is the nature of the criminal conduct. If the affidavit recounts criminal activities of a protracted or continuous nature, a time delay in the sequence of events is of less significance. *Id.* Certain nefarious activities, such as narcotics trafficking, are continuing in nature and, as a result, evidence of such activities is less likely to become stale even over an extended period of time. *Id.*

In this case, the evidence collected against Pearce revealed not a series of isolated events, but a string of drug activity over a period of time up to the revealing trash search conducted two days before the issuance of the search warrant. These facts are similar to those in *State v. Turnbeaugh*, 110 Idaho 11, 713 P.2d 447 (Ct. App. 1985). In that case, officers were alerted to drug activity at Turnbeaugh's residence in 1977. Additional evidence regarding possible illegal drug activity at the home was collected in 1979, 1980, 1981, and 1982. The investigation culminated with an informant's purchase of drugs at the home just eight days before officers sought a search warrant. This Court held that the combination of all the evidence was sufficient for the magistrate to draw an inference that probable cause existed to issue the search warrant. *Id.* at 14, 713 P.2d at 450.

The evidence which was held sufficient in *Turnbeaugh* was collected over a period of five years. In this case, over the course of only two years, officers received tips regarding possible illegal drug activity at Pearce's home. This information was corroborated by some of

4

the officers' own observations. The officers then discovered evidence of drug distribution in Pearce's trash two days prior to seeking the search warrant. Because of the continuous nature of Pearce's illegal activities, the time delay in the evidence supporting the issuance of the search warrant is of little significance. The evidence was not stale, and substantial evidence supported the magistrate's findings of probable cause to issue the search warrant. Therefore, the district court did not err by denying Pearce's motion to suppress.

## III.

## CONCLUSION

The evidence of drug activity occurring at Pearce's home which was collected over a period of two years had not become stale at the time the search warrant was issued. Thus, the magistrate's finding of probable cause in support of the issuance of the search warrant did not constitute an abuse of discretion. Therefore, the district court did not err by denying Pearce's motion to suppress. Accordingly, Pearce's judgment of conviction for possession of a controlled substance is affirmed.

Chief Judge LANSING and Judge GRATTON, **CONCUR.**