**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 42422**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 644 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 24, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TODD CHARLES MITCHELL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order denying motion to suppress, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Kimberly E. Smith, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Todd Charles Mitchell appeals from the district court's order denying his motion to suppress. Specifically, Mitchell argues the district court erred in determining there was probable cause to support a search warrant. He requests that this Court vacate the order denying the motion to suppress and vacate the district court's judgment and commitment. For the reasons discussed below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In March 2014, an informant contacted law enforcement to report that Mitchell sold him methamphetamine from Mitchell's home. An officer and the informant drove to the home that reportedly belonged to Mitchell and confirmed Mitchell resided in the home. The officer showed the informant a photograph of Mitchell, and the informant confirmed it was the same

man who sold him and his companions methamphetamine. A car parked out front of Mitchell's home belonged to a man whom the officer knew through drug-related incidents. Based on these circumstances, the officer submitted an affidavit in support of probable cause and applied for a search warrant, which was granted. The search produced methamphetamine.

The State charged Mitchell with possession of a controlled substance with the intent to deliver. Mitchell filed an unsuccessful motion to suppress, arguing there was insufficient probable cause to grant a search warrant. Mitchell entered a conditional guilty plea, reserving the right to challenge the denial of his motion to suppress. Mitchell appeals, arguing the district court abused its discretion in denying his motion to suppress.

## II.

## ANALYSIS

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the district court's findings of fact which are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). Mitchell does not dispute the district court's factual findings. Instead, Mitchell contends that those facts failed to establish probable cause. Specifically, Mitchell argues that the search warrant lacked probable cause because the informant's veracity was not established through either a finding of past reliability or present credibility.

When probable cause to issue a search warrant is challenged on appeal, the reviewing court's function is to ensure that the district court had a substantial basis for concluding that probable cause existed. *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983); *State v. Josephson*, 123 Idaho 790, 792, 852 P.2d 1387, 1389 (1993); *State v. Lang*, 105 Idaho 683, 684, 672 P.2d 561, 562 (1983). In this evaluation, great deference is paid to the district court's determination. *Gates*, 462 U.S. at 236; *State v. Wilson*, 130 Idaho 213, 215, 938 P.2d 1251, 1253 (Ct. App. 1997). The test for reviewing the district court's action is whether it abused its discretion in finding that probable cause existed. *State v. Holman*, 109 Idaho 382, 387, 707 P.2d 493, 498 (Ct. App. 1985). When a search is conducted pursuant to a warrant, the burden of proof is on the defendant to show that the search was invalid. *State v. Kelly*, 106 Idaho 268, 275, 678 P.2d 60, 67 (Ct. App. 1984).

The Fourth Amendment to the United States Constitution states that:

2

The right of the people to be secured in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated; and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Article I, Section 17, of the Idaho Constitution is virtually identical to the Fourth Amendment, except that "oath and affirmation" is termed "affidavit." In order for a search warrant to be valid, it must be supported by probable cause to believe that evidence or fruits of a crime may be found in a particular place. Probable cause is determined by examining the totality of the circumstances and making:

a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before [the court], including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Wilson*, 130 Idaho at 215, 938 P.2d at 1253 (quoting *Gates*, 462 U.S. at 238).

Where the person providing information is a "citizen informant," inclusion of his or her name and address in the warrant affidavit will, alone, be sufficient to show the informant's veracity and reliability. *State v. O'Bryan*, 96 Idaho 548, 552, 531 P.2d 1193, 1197 (1975). However, where the informant is part of the "criminal milieu," more information is necessary. *Dunlap v. State*, 126 Idaho 901, 907, 894 P.2d 134, 140 (Ct. App. 1995). This further evidence of veracity and reliability may be provided by the informant's acknowledgement that he or she has participated in criminal activity.

People do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions. Admissions of crime, like admissions against proprietary interest, carry their own indicia of credibility--sufficient at least to support a finding of probable cause to search. That the informant may be paid or promised a "break" does not eliminate the residual risk and opprobrium of having admitted criminal conduct.

*United States v. Harris*, 403 U.S. 573, 583-84 (1971). If the informant is identified in the warrant affidavit, the "risk and opprobrium" from acknowledgement of criminal conduct is correspondingly greater, and thus the hearsay assertions of the known informant may be given more credibility. *People v. Trontell*, 533 P.2d 1124, 1126 (Colo. 1975). Although such admissions may not always be dispositive of the reliability and credibility of the informant, *Harris*, 403 U.S. at 584, when coupled with other indicia of reliability in the affidavit, they will support a finding of probable cause.

3

Here, the informant, who belonged to a criminal milieu, contacted law enforcement and indicated he wanted to provide information to a drug task force officer. After a detective reached out to the informant, the informant provided information about Mitchell selling methamphetamine out of his home on three occasions. The first time, the informant waited in his vehicle while his companions went inside Mitchell's home to purchase methamphetamine. On the second occasion, the informant personally observed Mitchell sell methamphetamine. The informant then smoked the methamphetamine in Mitchell's home. The last time the informant visited Mitchell's home, he witnessed Mitchell sell an eight ball of methamphetamine to his companion. Acknowledging his own criminal conduct, the informant admitted they all proceeded to smoke the methamphetamine after the sale. The informant also admitted that he knew what methamphetamine looked like because he used it "on and off again all of his life."

As both parties note, this case is similar to *Dunlap*. In that case, an informant told law enforcement that she saw drugs in the defendant's home and recognized the drugs because she had used them in the past. *Id.* at 907, 894 P.2d at 140. She also admitted she was present when the defendant cooked cocaine. We concluded that the informant's knowledge based on personal observation, her knowledge of the premises, the location of certain items, and her knowledge of drug usage and manufacture were sufficient indicia of reliability, and the information in the warrant affidavit established probable cause.

Likewise here, there is probable cause to issue a search warrant. The informant had experience with use of methamphetamine and personally observed Mitchell selling and using methamphetamine. Moreover, the informant visited Mitchell's home three times and went inside the home and observed the use and sale of methamphetamine on two occasions. Collectively, the informant's knowledge based on previous observations provided sufficient indicia of reliability, which leads us to conclude that probable cause existed to issue a search warrant.

## II.

## CONCLUSION

The district court did not abuse its discretion in finding that probable cause existed. Accordingly, we affirm the district court's denial of Mitchell's motion to suppress.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.