**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42749**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Opinion No. 74** |
| | ) | |
| **Plaintiff-Appellant,** | ) | **Filed: November 4, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JACOB STEVEN DAVIS,** | ) | |
| | ) | |
| **Defendant-Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County. Hon. Susan E. Wiebe, District Judge.

Order granting motion to suppress, <u>reversed</u> and <u>case remanded</u>.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant.

Sara B. Thomas, State Appellate Public Defender; Kimberly E. Smith, Deputy Appellate Public Defender, Boise, for respondent.

_____

GRATTON, Judge

The State of Idaho appeals from the district court's order granting Jacob Steven Davis's motion to suppress. We reverse and remand.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A traffic stop was conducted to arrest Davis on a felony warrant for burglary. Lieutenant Marshall of the Payette Police Department secured Davis in a patrol vehicle. Lieutenant Marshall then walked around the perimeter of Davis's vehicle and saw a cell phone on the passenger seat. Lieutenant Marshall reached into the vehicle and seized the phone. The phone was given to assisting Officer Yates with directions to place the phone on airplane mode and remove the battery. While performing his task, Officer Yates saw a file on the phone entitled "naughty files." Officer Yates did not search the contents of the file, and he put the phone on airplane mode and removed the battery.

1

The Payette Police Department had coordinated the arrest of Davis with Idaho State Police Detective Gooch's investigation into Davis for sex crimes. The arrest of Davis was planned so Detective Gooch could interview two possible victims while Davis was in custody. Gooch was told that a phone had been recovered during Davis's arrest before she interviewed the minors. During Gooch's interview of the two minors, each described sexual contact with Davis and that child pornography was on Davis's cell phone. A search warrant was then issued for the cell phone. The warrant affidavit included the minors' description of sexual contact with Davis and Officer Yates' discovery of the file entitled "naughty files." The contents of the cell phone were searched after the warrant was issued, and the search yielded sexually exploitive material. Davis was charged with multiple counts of possession of sexually-exploitive material.

Davis moved to suppress the contents of the phone based upon its search and seizure. The State asserted the independent source and inevitable discovery doctrines. The court found sufficient evidence from an independent source to establish probable cause to search the phone, but held that neither doctrine applied to its seizure and granted the motion to suppress. The State timely appealed.

## II.

## ANALYSIS

The State asserts that the district court erred by granting Davis's motion to suppress. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999). The trial court granted Davis's motion to suppress, finding that the independent source and inevitable discovery doctrines applied to the search, but not the seizure of Davis's phone.

2

**A.      Independent Source and Inevitable Discovery Doctrines Apply to Seizures**

The State argues that the independent source and inevitable discovery doctrines apply to both the search and seizure of Davis's cell phone because the warrant affidavit provided a sufficient independent source of evidence to establish probable cause. Evidence will not be suppressed as a violation of the Fourth Amendment if it was discovered by "means sufficiently distinguishable to be purged of the primary taint." *Wong Sun v. United States*, 371 U.S. 471, 488 (1963). Evidence is not tainted by the illegality of an initial search or seizure, and is admissible under the inevitable discovery doctrine if it would have been discovered despite a constitutional violation. *Nix v. Williams*, 467 U.S. 431, 443-44 (1984).

The United States Supreme Court has addressed the application of the independent source doctrine to tangible evidence seized during an unlawful search, holding that illegally seized evidence may be re-seized pursuant to a search warrant with an independent source untainted by the initial illegal search. *Murray v. United States*, 487 U.S. 533, 533 (1988).[1] Thus, evidence is untainted by the illegality of an unlawful search under the independent source doctrine if the evidence is later obtained from genuinely independent lawful activities. *Id. See also State v. Russo*, 157 Idaho 299, 306, 336 P.3d 232, 239 (2014). The trial court found that the affidavit included sufficient evidence from an independent source to establish probable cause for a search warrant, but found that the seizure of Davis's cell phone did not fall under either doctrine.[2] Because the court found sufficient non-tainted evidence for a search warrant, Davis's phone could also be re-seized pursuant to the search warrant. Prohibiting re-seizure of tangible evidence would make the evidence completely inaccessible once illegally seized, thus making the independent source and inevitable discovery doctrines inapplicable to tangible evidence. This approach does not coincide with the goal of the doctrines: "putting the police in the same,

---

[1]     *See also Silverthorne Lumber Co. v. United States*, 251 U.S. 385, 392 (1920) (referring specifically to evidence seized during an unlawful search).

[2]     [T]here is sufficient non-tainted evidence in the second affidavit to support issuance of a subsequent warrant to search the phone. However . . . [i]f Marshall's seizure of the phone was lawful, then the motion to suppress should be denied, and vice-versa.

. . . .

[T]he State has the burden of proving that at the time Lt. Marshall seized the phone, there was probable cause to believe the phone was contraband or contained evidence of a crime. The State has not met that burden.

not a worse, position that they would have been in if no police error or misconduct had occurred." *Nix*, 467 U.S. at 443. Accordingly, we hold that the independent source doctrine applies to both the search and the seizure of Davis's phone. Next, we must determine whether there is sufficient untainted evidence in the search warrant affidavit to establish probable cause.

**B.      Sufficient Untainted Evidence Exists to Establish Probable Cause**

In response to the State's appeal, Davis asserts that the trial court correctly granted the motion to suppress, but incorrectly found that there was sufficient untainted evidence to establish probable cause to obtain the warrant to search the phone. Specifically, Davis argues that evidence derived from Gooch's conversation with the minors should be excluded because it was prompted by officer Yates' discovery of the file entitled "naughty files."

Application of the independent source and inevitable discovery doctrines to a search warrant containing unlawfully obtained information requires that the improperly obtained information be disregarded, and a determination be made as to whether sufficient untainted information remains to provide probable cause. *Russo*, 157 Idaho at 306-07, 336 P.3d at 239-40; *State v. Revenaugh*, 133 Idaho 774, 779, 992 P.2d 769, 774 (1999). *Murray* states that information is not genuinely independent if the agents' decision to seek the warrant was prompted by what they had seen during the unlawful obtainment of evidence, or if that information was "presented to the Magistrate and affected his decision to issue the warrant." *Murray*, 487 U.S. at 542. The Idaho Supreme Court has followed the majority of states that reject a literal interpretation of *Murray*, holding that the "language was intended only to mean that a search warrant is not validly issued if, once the illegally obtained evidence is excluded from the evidence presented to the magistrate, there is insufficient information to provide the probable cause necessary for the issuance of a warrant." *Revenaugh*, 133 Idaho at 779, 992 P.2d at 774.

Detective Gooch and the Payette Police Department coordinated their efforts before Davis's arrest so that Gooch could interview the minors without Davis present. Gooch testified that she interviewed the minors "to see if they disclosed anything that was criminal in nature involving Mr. Davis," and to then make a determination from those interviews if she needed to secure a warrant for electronic devices. The interviews yielded information that described sexual contact between Davis and the minors, and that various electronic devices owned by Davis contained incriminating evidence. Because the interview of the minors was planned before the

4

arrest of Davis, and discussion of electronic devices during that interview was anticipated before the discovery of the phone, the district court correctly determined that the information obtained during the interview came from a wholly independent source. In addition, the information presented in the affidavit, exclusive of the discovery of the file on Davis's phone, contained adequate facts for the district court to conclude that probable cause existed.

When probable cause to issue a search warrant is challenged on appeal, the reviewing court's function is to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983); *State v. Josephson*, 123 Idaho 790, 792, 852 P.2d 1387, 1389 (1993); *State v. Lang*, 105 Idaho 683, 684, 672 P.2d 561, 562 (1983). In this evaluation, great deference is paid to the magistrate's determination. *Gates*, 462 U.S. at 236; *State v. Wilson*, 130 Idaho 213, 215, 938 P.2d 1251, 1253 (Ct. App. 1997). The test for reviewing the magistrate's action is whether he or she abused his or her discretion in finding that probable cause existed. *State v. Holman*, 109 Idaho 382, 387, 707 P.2d 493, 498 (Ct. App. 1985). When a search is conducted pursuant to a warrant, the burden of proof is on the defendant to show that the search was invalid. *State v. Kelly*, 106 Idaho 268, 275, 678 P.2d 60, 67 (Ct. App. 1984).

The Fourth Amendment to the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Article I, Section 17, of the Idaho Constitution is virtually identical to the Fourth Amendment, except that "oath or affirmation" is termed "affidavit." In order for a search warrant to be valid, it must be supported by probable cause to believe that evidence or fruits of a crime may be found in a particular place. *Josephson*, 123 Idaho at 792-93, 852 P.2d at 1389-90. When determining whether probable cause exists:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Gates*, 462 U.S. at 238; *see also Wilson*, 130 Idaho at 215, 938 P.2d at 1253.

5

It was already known that Davis was a registered sex offender living with two minors, he was a passenger in a car where a minor boy was driving without a license, he had posted on social media that he owned a business that manufactured adult pornography, and detectives had taken photos of a back room in a business owned by Davis's parents that showed a mattress, white backdrop, video camera, and adult pornographic magazines. This information, in conjunction with that derived from the interview of the minors, is sufficient for the district court to determine that evidence of a crime would be found on Davis's phone.

Because the information derived from the interview with the minors is independent information, the independent source doctrine applies. The district court was presented with a substantial basis for concluding that probable cause existed for the warrant.

### III.

### CONCLUSION

The affidavit provided evidence from an independent source that was sufficient to establish probable cause for the warrant, making the search and seizure of Davis's cell phone lawful. The district court's order granting Davis's motion to suppress is reversed and this case remanded.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.