**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43711**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 686 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 15, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CASANDRA McCALIP, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. John K. Butler, District Judge.

Judgment of conviction for manufacturing a controlled substance, affirmed.

Eric D. Fredericksen, Interim State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Casandra McCalip's daughter contacted a detective via social media to report that her stepfather was growing marijuana in their home. The detective asked the daughter how she knew the plants she observed were marijuana. The daughter said that her stepfather had been in trouble in Washington for child abuse and for growing marijuana and that she had "seen this all before." Upon confirming the reports from the state of Washington, the detective asked the daughter to send pictures of the marijuana plants. Approximately one hour later, the daughter sent four digital images to the detective via social media. The detective confirmed, based on her experience, that the plants were marijuana plants.

The detective applied for a warrant to search McCalip's home, which was granted and executed the same day. During a search of McCalip's home, the officers located marijuana

1

plants and drug paraphernalia. McCalip was charged with one count of manufacturing a controlled substance and one count of misdemeanor injury to a child. McCalip filed a motion to suppress the evidence obtained as a result of the search, arguing that the warrant was invalid. The district court denied McCalip's motion. Pursuant to a plea agreement, McCalip entered a conditional plea of guilty to manufacturing a controlled substance and the misdemeanor injury to child charge was dismissed. McCalip appeals, arguing the district court erred in denying her motion to suppress.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

When probable cause to issue a search warrant is challenged on appeal, the reviewing court's function is to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983); *State v. Josephson*, 123 Idaho 790, 792, 852 P.2d 1387, 1389 (1993); *State v. Lang*, 105 Idaho 683, 684, 672 P.2d 561, 562 (1983). In this evaluation, great deference is paid to the magistrate's determination. *Gates*, 462 U.S. at 236; *State v. Wilson*, 130 Idaho 213, 215, 938 P.2d 1251, 1253 (Ct. App. 1997). The test for reviewing the magistrate's action is whether he or she abused his or her discretion in finding that probable cause existed. *State v. Holman*, 109 Idaho 382, 387, 707 P.2d 493, 498 (Ct. App. 1985). When a search is conducted pursuant to a warrant, the burden of proof is on the defendant to show that the search was invalid. *State v. Kelly*, 106 Idaho 268, 275, 678 P.2d 60, 67 (Ct. App. 1984).

The Fourth Amendment to the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation,

2

and particularly describing the place to be searched, and the persons or things to be seized.

Article I, Section 17, of the Idaho Constitution is virtually identical to the Fourth Amendment, except that "oath or affirmation" is termed "affidavit." In order for a search warrant to be valid, it must be supported by probable cause to believe that evidence or fruits of a crime may be found in a particular place. *Josephson*, 123 Idaho at 792-93, 852 P.2d at 1389-90. When determining whether probable cause exists:

> The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Gates*, 462 U.S. at 238; *see also Wilson*, 130 Idaho at 215, 938 P.2d at 1253.

On appeal, McCalip argues that the search warrant was invalid because it was not based on sufficiently reliable information. Specifically, McCalip argues that the social media message her daughter sent to the detective was not reliable given the authentication concerns inherent in social media communications. McCalip presented no evidence at the suppression hearing. McCalip argued that the detective should have independently corroborated the social media account, the daughter's identity, and the embedded data in the photographs. The district court found that McCalip failed to establish how a social media communication was less reliable than a tip received on the phone from an identified informant.

In ruling on McCalip's motion, the district court carefully weighed the circumstances known to the detective when she applied for the search warrant. The daughter had prior knowledge regarding the appearance of marijuana based on her stepfather's prior involvement with drugs in the state of Washington. The daughter provided her name and home address and the location of the plants in the house. She also sent pictures of the marijuana plants upon the detective's request. Finally, the detective identified the plants as marijuana based on her experience. The district court concluded that these facts supported the magistrate's conclusion that there was probable cause to search the residence, making the search warrant valid.[1]

---

[1] The State cites to *State v. Cardenas*, 143 Idaho 903, 155 P.3d 704 (Ct. App. 2006) to suggest that McCalip's failure to introduce evidence at the suppression hearing precludes this

In *State v. Van Dorne*, 139 Idaho 961, 964, 88 P.3d 780, 783 (Ct. App. 2004), this Court stated that, "where information comes from a known citizen informant rather than an anonymous tipster, the citizen's disclosure of her identity, which carries the risk of accountability if the allegations turn out to be fabricated, is generally deemed adequate to show veracity and reliability."  Based upon the record before us, there is no reason to depart from that holding simply because the information was communicated by social media rather than some other means.

McCalip has not met her burden of showing the district court erred in denying her motion to suppress.  Accordingly, McCalip's judgment of conviction for manufacturing a controlled substance is affirmed.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.

---

Court from considering McCalip's argument.  In *Cardenas*, the State's failure to introduce evidence at the suppression hearing precluded the State from arguing in support of the warrant's validity.  In *Cardenas* however, the State's decision to obtain a warrant was prompted by illegally obtained evidence.  *Id.* at 908, 155 P.3d at 709.  Thus, in *Cardenas*, the standard presumption that a warrant is valid was reversed to a presumption that the warrant was invalid. *Id.*  Absent the reverse presumption, this Court did not indicate that the State's failure to introduce the warrant into evidence at a suppression hearing would preclude the State from arguing its validity.  *Id.*  Accordingly, McCalip's failure to introduce evidence at the suppression hearing does not preclude this Court from considering the merits of her claim.