**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44961**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Unpublished Opinion No. 396** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: March 20, 2018** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **TYLER J. SUTTON,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Madison County. Hon. Gregory W. Moeller, District Judge.

Order denying motion to suppress, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett LLP; Dennis Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Tyler J. Sutton appeals from his judgment of conviction for possession of methamphetamine, entered upon his conditional guilty plea. He asserts the district court erred when it denied his motion to suppress evidence seized pursuant to a search warrant.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Police dispatch advised all county units that it had the general location of a man who had made several 911 calls and would hang up after stating he was being chased. Two officers located the man who was hiding in a wooded area next to an RV park. The man, who the responding officers described as paranoid and appearing to be in a drugged state, identified himself and indicated he had come from Tyler Sutton's trailer located in the nearby RV park. While the officers escorted the man to their patrol vehicle, he stated he had been awake for several days and had used methamphetamine earlier that day. Two officers went to Sutton's

1

residence and located several needle caps around the trailer. Subsequently, one of the officers left to apply for a search warrant while the other secured the residence. A magistrate granted the application for a search warrant of Sutton's trailer and the man's vehicle which was parked at the entrance of the RV park.

Numerous items were located in the subsequent search of Sutton's trailer, including drugs, drug paraphernalia, a grinder, glass pipes, used and unused needles, scales, pills, and baggies with residue. As a result of the search, Sutton was initially charged with felony possession with intent to deliver a controlled substance, Idaho Code § 37-2732(a)(1)(A), and misdemeanor possession of drug paraphernalia, I.C. § 37-2734A(1). Sutton filed a motion to suppress alleging probable cause did not exist for issuance of the search warrant. The district court held a hearing on the suppression motion and concluded that probable cause was established and denied the motion. Sutton filed a motion for reconsideration which was also denied.

Thereafter, the parties entered into a plea agreement under which Sutton agreed to plead guilty to an amended charge of felony possession of methamphetamine, I.C. § 37-2732(c)(1), and the State agreed to dismiss the related misdemeanor charge and not oppose a withheld judgment. Sutton reserved his right to appeal the denial of his suppression motion. Pursuant to the plea agreement, the district court imposed a unified sentence of five years with two years determinate, suspended the sentence, and placed Sutton on probation for a period of five years. Sutton timely appeals the denial of his motion to suppress.

## II.

## ANALYSIS

Sutton requests that this Court reverse the denial of his motion to suppress based on his argument that there was no probable cause to issue the search warrant of his home. When probable cause to issue a search warrant is challenged on appeal, the reviewing court's function is to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983); *State v. Josephson*, 123 Idaho 790, 792, 852 P.2d 1387, 1389 (1993); *State v. Lang*, 105 Idaho 683, 684, 672 P.2d 561, 562 (1983). In this evaluation, great deference is paid to the magistrate's determination. *Gates*, 462 U.S. at 236; *State v. Wilson*, 130 Idaho 213, 215, 938 P.2d 1251, 1253 (Ct. App. 1997). The test for reviewing the magistrate's action is whether he or she abused his or her discretion in finding that

2

probable cause existed. *State v. Holman*, 109 Idaho 382, 387, 707 P.2d 493, 498 (Ct. App. 1985). When a search is conducted pursuant to a warrant, the burden of proof is on the defendant to show that the search was invalid. *State v. Kelly*, 106 Idaho 268, 275, 678 P.2d 60, 67 (Ct. App. 1984).

The Fourth Amendment to the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Article I, Section 17, of the Idaho Constitution is virtually identical to the Fourth Amendment, except that "oath or affirmation" is termed "affidavit." In order for a search warrant to be valid, it must be supported by probable cause to believe that evidence or fruits of a crime may be found in a particular place. *Josephson*, 123 Idaho at 792-93, 852 P.2d at 1389-90. When determining whether probable cause exists:

> The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Gates*, 462 U.S. at 238; *see also Wilson*, 130 Idaho at 215, 938 P.2d at 1253. This is referred to as the totality of the circumstances analysis. *Gates*, 462 U.S. at 238.

Sutton asserts that the district court erred when it denied his motion to suppress because the information presented to the magistrate was insufficient to support the issuance of a search warrant. Specifically, he alleges the statements made by the man in the woods are unreliable based on his admitted use of methamphetamine earlier in the day, lack of sleep, and his belief that he was being chased when he was found hiding in the woods. Sutton asserts that even if the man's statements are reliable, they do not link Sutton or his trailer to a crime since the man never said he was inside the trailer or that he observed any drugs or paraphernalia there. Sutton asserts that needle caps found around the trailer do not insinuate that controlled substances or paraphernalia were within the trailer since the affidavit does not specifically state where they were located so the magistrate could believe they were found outside the curtilage of the home or several yards from its entrance.

The State asserts that Sutton has failed to establish that the magistrate lacked a substantial basis to find probable cause for a search warrant. In support of the request for a warrant, the officer in this case stated in her probable cause affidavit that she and another officer located the man that had made several 911 calls. The officer also noted the man was "extremely paranoid." While Sutton takes issue with this as an indication his statements were unreliable, his condition was consistent with drug use, as noted by the officer that he "appeared to be on some sort of drug." Thus, his condition appears to corroborate his statements. The affidavit stated the man identified himself and told her he had come from Sutton's trailer. He disclosed he had used methamphetamine earlier that day and he "used needles to shoot meth." The affidavit stated that two other officers responded to the trailer and found "several needle caps around the trailer." The affidavit also noted that an officer had responded to this same trailer for a report that this same man was suicidal several days prior; in addition, she included that the man's vehicle was "located at the scene." Thus, there is evidence he had been staying at Sutton's home for some length of time and as such, with the additional evidence of paraphernalia around the trailer, it is reasonable to infer that there may be drugs or other paraphernalia inside the trailer. The affidavit clearly sets forth nexuses between the man and the use of methamphetamine, the man and Sutton's trailer, and Sutton's trailer and the needle caps.

In looking broadly at the totality of the circumstances to determine whether probable cause existed, we are mindful that in questionable cases "the reviewing court should give preference to the validity of the warrant." *State v. Ledbetter*, 118 Idaho 8, 10-11, 794 P.2d 278, 280-81 (Ct. App. 1990). Based on the facts provided in the officer's affidavit, and considering the deference to be accorded the magistrate's decision, we hold that the magistrate had a substantial basis for concluding that probable cause existed to search Sutton's home. Applying the correct legal standards, Sutton has failed to demonstrate the magistrate abused its discretion in finding probable cause or that the district court erred in denying Sutton's motion to suppress as a result of such a finding.

## III.

## CONCLUSION

Under the totality of circumstances analysis, the magistrate had a substantial basis from which to conclude that probable cause existed for a warrant to search Sutton's residence. Accordingly, the district court's denial of Sutton's motion to suppress is affirmed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.