**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52480**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 6, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CHRISTOPHER JAY KING, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County. Hon. Barbara Duggan, District Judge.

Judgment of conviction for possession of a controlled substance with the intent to deliver, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Elizabeth H. Estess, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Christopher Jay King appeals from his judgment of conviction for possession of a controlled substance with the intent to deliver. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A confidential informant told police that King's neighbor was purchasing cocaine and methamphetamine from King. Based on this information, police obtained and executed a search warrant for the home of King's neighbor. King's neighbor was arrested for possession of methamphetamine, and the neighbor told police he purchased it from King. The confidential informant also told police specific details relating to the process of purchasing illegal drugs from King, describing the time of day and exact locations around his apartment complex that the

1

exchanges occurred. From this information, police obtained and executed a search warrant for King's apartment. During the search of King's apartment, police found methamphetamine, cocaine, psylocibin mushrooms, drug paraphernalia, and drug distribution materials. King was charged with possession with intent to manufacture or deliver a controlled substance, possession of a controlled substance, and possession of drug paraphernalia.

King filed a motion to suppress, arguing the search was invalid because the magistrate court lacked a substantial basis for finding probable cause to issue the warrant. The district court held a hearing on the motion and denied it, finding there was substantial evidence in the search warrant affidavit to support the finding of probable cause to issue the warrant and that the information supporting the warrant was not stale. King pled guilty to felony possession of a controlled substance the with intent to deliver. I.C. § 37-2732. In exchange for his guilty plea, the remaining charges were dismissed. King appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

King argues the district court erred in denying his motion to suppress because the issuance of the search warrant was based on stale information. The State responds that King has failed to show the district court erred in denying his motion to suppress because the information in the search warrant was not stale. We hold that the record supports the district court's conclusion that the challenged evidence offered in support of the search warrant was not stale and was sufficient to support a finding of probable cause to search King's apartment.

When probable cause to issue a search warrant is challenged on appeal, the reviewing court's function is to ensure that the magistrate court had a substantial basis for concluding that probable cause existed. *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983); *State v. Josephson*, 123 Idaho 790, 792, 852 P.2d 1387, 1389 (1993); *State v. Lang*, 105 Idaho 683, 684, 672 P.2d 561, 562 (1983). In this evaluation, great deference is paid to the magistrate court's determination. *Gates*, 462 U.S. at 236; *State v. Wilson*, 130 Idaho 213, 215, 938 P.2d 1251, 1253 (Ct. App. 1997). The test for reviewing the magistrate court's action is whether it abused its discretion in finding that probable cause existed. *State v. Holman*, 109 Idaho 382, 387, 707 P.2d 493, 498 (Ct. App. 1985). When a search is conducted pursuant to a warrant, the burden of proof is on the defendant to show that the search was invalid. *State v. Kelly*, 106 Idaho 268, 275, 678 P.2d 60, 67 (Ct. App. 1984).

A search warrant must be supported by probable cause to believe that evidence or fruits of a crime may be found in a particular place. *Josephson*, 123 Idaho at 792-93, 852 P.2d at 1389-90. When determining whether probable cause exists:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Gates*, 462 U.S. at 238; *see Wilson*, 130 Idaho at 215, 938 P.2d at 1253.

Probable cause also necessitates a finding that evidence is probably connected with some criminal activity and that the evidence being sought can currently be found at a specific place. *State v. Turnbeaugh*, 110 Idaho 11, 13, 713 P.2d 447, 449 (Ct. App. 1985). Whether information regarding the presence of items in a particular place is stale depends upon the nature of the factual situation involved. *Id.* There is no magical number of days which marks the point which evidence turns from fresh to stale. *State v. Williams*, 163 Idaho 285, 303, 411 P.3d 1186, 1204 (Ct. App. 2018). Rather, the nature of the criminal conduct underlying the request for the search warrant controls; specifically, if the activity is of a protracted or continuous nature, then a time delay in the sequence of events is less significant. *Id.*, at 303-04, 411 P.3d at 1204-05.

King challenges the sufficiency of both the testimony provided by King's neighbor and the affidavit from the confidential informant. Regarding his neighbor, King argues the information

was stale because his neighbor claimed to have purchased methamphetamine from King one time approximately two weeks prior to the execution of the warrant. The lapse of two weeks between the methamphetamine sale to King's neighbor and the issuance of the search warrant did not render the information from him stale. As noted by the district court, activities such as drug trafficking are generally continuous in nature and, as such, are less likely to become stale over time. *See State v. Carlson*, 134 Idaho 471, 477, 4 P.3d 1122, 1128 (Ct. App. 2000) (noting that "certain nefarious activities, such as narcotics trafficking, are continuing in nature and, as a result, are less likely to become stale even over an extended period of time"); *Turnbeaugh*, 110 Idaho at 14, 713 P.2d at 449 (explaining that "continuing criminal activity, such as narcotics trafficking, is one factual scenario where evidence may not become stale for extended periods of time"). The information provided by King's neighbor was not stale, particularly when considered in conjunction with the information from the confidential informant. The sources of information within a warrant application are not viewed in isolation, but collectively, to determine whether they constitute a showing of probable cause. *Woodward v. State*, 142 Idaho 98, 105, 123 P.3d 1254, 1261 (Ct. App. 2005).

Turning to the confidential informant, King asserts that, because the search warrant affidavit did not provide specific dates or times relating to when the confidential informant purchased drugs from King, this information was also stale. King argues that the confidential informant could have been speaking about a single past purchase by King's neighbor or other purchases from many weeks or months ago. Information in a warrant affidavit is only stale if it fails to demonstrate a fair probability that the contraband or evidence to be seized would presently be found at the location to be searched. *State v. Patterson*, 139 Idaho 858, 865, 87 P.3d 967, 974 (Ct. App. 2003). The information in the search warrant affidavit provided by the confidential informant detailed how King conducted drug sales, including that buyers would arrive at his apartment complex where they would be met in a particular location by an individual by the name of "Scotty" who would deliver the drugs on an electric scooter. The confidential informant also explained that King's neighbor purchased drugs from King at his apartment complex, which was corroborated by his neighbor. The confidential informant further indicated that King stored the drugs in a safe in his bedroom, which the confidential informant knew because he used drugs in King's apartment, and "other users and buyers of King's" stated the drugs came from a safe in his

bedroom closet. Collectively, the information from King's neighbor and the confidential informant, along with the nature of the criminal activity, support the conclusion that the information was not stale and that there was a fair probability that evidence of drug activity would be found at King's apartment when the search warrant was requested and issued. King has failed to show error in the district court's decision to deny his motion to suppress.

## IV.

## CONCLUSION

King has failed to show the district court erred in denying his motion to suppress. Accordingly, his judgment of conviction for possession of a controlled substance with the intent to deliver is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.